## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AD HOC SHRIMP TRADE ENFORCEMENT COMMITTEE<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Court No. 21-00129

## **COMPLAINT**

Plaintiff Ad Hoc Shrimp Trade Enforcement Committee ("Plaintiff" or "AHSTEC"), by and through its undersigned attorneys, makes the following allegations.

## **DETERMINATION CONTESTED**

1.      Plaintiff brings this Complaint to contest portions of the determination of evasion made by U.S. Customs and Border Protection ("CBP"), Office of Trade ("OT"), Trade Remedy & Law Enforcement Directorate ("TRLED") pursuant to 19 U.S.C. § 1517(c) and the *de novo* administrative review of that determination conducted by CBP, OT, Regulations and Rulings ("ORR") pursuant to 19 U.S.C. § 1517(f) in the Enforce and Protect Act ("EAPA") investigation into MSeafood Corporation ("MSeafood"), EAPA Case Number 7356.  The TRLED determination of evasion was issued on October 13, 2020.  See Letter from Brian M. Hoxie, Director, Enforcement Operations Division, TRLED, CBP OT, re: Notice of Determination as to Evasion (Oct. 13, 2020) (Public Version) ("Final Affirmative Determination Letter").  The ORR *de novo* administrative review determination was issued on February 11, 2021.  See Letter from Paul Pizzeck, Chief, Penalties Branch, ORR, OT, CBP and Joanne R. Stump, Acting Executive

Director, ORR, OT, CBP, re: Enforce and Protect Act ("EAPA") Case Number 7356; 19 U.S.C. § 1517; Minh Phu Group (Feb. 11, 2021) (Public Version) ("Administrative Review Determination").

## JURISDICTION

2.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under Section 517(g) of the Tariff Act of 1930, *as amended*, 19 U.S.C. § 1517(g).

## TIMELINESS OF THE ACTION

3.     Plaintiff is commencing this action by concurrently filing a Summons and Complaint on March __, 2021, within 30 business days after the completion on February 11, 2021 of the *de novo* administrative review of the TRLED determination of evasion.  See Administrative Review Determination.  The Summons and Complaint are therefore timely filed pursuant to 19 U.S.C. § 1517(g) and Rule 3(a)(3) of this Court.

## STANDING

4.     Plaintiff has standing to commence this action pursuant to 19 U.S.C. § 1517(g). Plaintiff is an *ad hoc* trade association of which a majority of its members manufacture, produce, or wholesale a domestic like product in the United States and is an interested party pursuant to 19 U.S.C. § 1517(a)(6)(A)(iv) and 19 C.F.R. § 165.1.  Plaintiff filed the allegation of evasion that resulted in the initiation of the underlying EAPA investigation.

## BACKGROUND

5.     On February 1, 2005, the U.S. Department of Commerce ("Commerce") issued affirmative amended final determinations and antidumping duty orders on certain frozen

warmwater shrimp from India and, separately, certain frozen warmwater shrimp from the Socialist Republic of Vietnam.  See Certain Frozen Warmwater Shrimp from India, 70 Fed. Reg. 5,147 (Dep't Commerce Feb. 1, 2005) (notice of amended final determination of sales at less than fair value and antidumping duty order) and Certain Frozen Warmwater Shrimp from the Socialist Republic of Vietnam, 70 Fed. Reg. 5,152 (Dep't Commerce Feb. 1, 2005) (notice of amended final determination of sales at less than fair value and antidumping duty order).

6.     Effective July 18, 2016, Commerce revoked the antidumping duty order on certain frozen warmwater shrimp from the Socialist Republic of Vietnam with respect to Minh Phu Seafood Corporation and that company's affiliates, Minh Qui Seafood Co., Ltd., Minh Phat Seafood Co., Ltd., and Minh Phu Hau Giang (collectively, the "Minh Phu Group").  See Certain Frozen Warmwater Shrimp from the Socialist Republic of Vietnam, 81 Fed. Reg. 47,756 (Dep't Commerce July 22, 2016) (notice of implementation of determination under Section 129 of the Uruguay Round Agreement Act and partial revocation of the antidumping duty order).  As the result of this agency action, frozen warmwater shrimp that is "produced and exported by the Minh Phu Group" is not subject to the antidumping duty order on Vietnamese shrimp.  Id. at 47,757.

7.     On October 9, 2019, CBP's TRLED initiated an investigation pursuant to Section 421 of the Trade Facilitation and Trade Enforcement Act of 2015, commonly referred to as the Enforce and Protect Act, i.e., EAPA, in response to an allegation submitted by Plaintiff. See Letter from Christopher Bowman, Acting Director, Enforcement Operations Division, TRLED, CBP OT, re: Notice of Initiation of Investigation and Interim Measures – EAPA Case 7356 (Jan. 14, 2020) (Public Version) ("Interim Measures Letter").  The initiation of the investigation was based on Plaintiff's allegation that MSeafood, a U.S. importer affiliate of the

Minh Phu Group, was evading the antidumping duty order on certain frozen warmwater shrimp from India by transshipping Indian-origin shrimp through Vietnam without declaring these products as subject to antidumping duties or making the requisite antidumping duty cash deposits on entries of this Indian-origin shrimp.

8.      On January 14, 2020, the TRLED issued its notice of initiation of the investigation and interim measures.  The TRLED concluded, based on the record evidence, that a "reasonable suspicion exists that the frozen shrimp that MSeafood imported into the United States from Vietnam may be of Indian-origin and should have been subject to [antidumping] duties."  Interim Measures Letter at 7.

9.      Following initiation, CBP issued requests for information to the foreign producer and MSeafood.  Despite these requests for information being part of the administrative record, copies of these requests for information were not provided to AHSTEC.

10.      Between January 31, 2020 and May 1, 2020, Minh Phu Group made a number of submissions to TRLED.  Only the public versions of these submissions were provided to AHSTEC.  These public versions were required, by the agency's regulations at 19 C.F.R. § 165.4, to include public summaries containing "a summary of the bracketed information in sufficient detail to permit a reasonable understanding of the substance of the information."  In the event that such a summary was not possible, CBP's regulations require that "the claim must be accompanied by a full explanation of the reasons supporting that claim."

11.      AHSTEC made multiple submissions between February 28, 2020 and May 7, 2020 requesting that CBP reject Minh Phu Group's submissions because they lacked adequate public summaries and failed to include a full explanation of the reasons as to why the provision of public summaries was not possible.

12.     On October 13, 2020, the TRLED issued a notice of final determination of evasion.  See Final Affirmative Determination Letter.  The TRLED found, based on the record evidence developed over the course of a 12-month investigation, "that Minh Phu has been co-mingling Indian-origin shrimp with Vietnamese-origin shrimp on imports to the United States." Id. at 10.

13.     On November 10, 2020, CBP's ORR commenced a *de novo* administrative review of the TRLED's determination of evasion in response to a request from the Minh Phu Group, including MSeafood.  See Administrative Review Determination at 1 (Public Version).

14.     On February 11, 2021, CBP's ORR issued its *de novo* administrative review determination.  ORR reversed the TRLED's final affirmative determination of evasion, holding that the TRLED had inappropriately applied adverse inferences based on the Minh Phu Group's inability to trace imported shrimp through its production process and that, by providing information describing the company's inability to identify the final disposition of shrimp imported from India, the Minh Phu Group had responded to agency requests "to the best of its ability."  Id. at 9.  Although the Minh Phu Group had conceded on the record of the proceeding that the company, in fact, exported Indian-origin shrimp to the United States customs territory in at least one shipment without declaring the shipment as subject to the antidumping duty order on certain frozen warmwater shrimp from India, ORR held that "there is insufficient evidence that Indian-origin shrimp was contained in [the Minh Phu Group's] entries during the period of investigation."  Id. at 10.

## STATEMENT OF CLAIMS

### COUNT ONE

15.     Plaintiff incorporates the allegations contained in paragraphs 1 through 14 as fully set forth herein.

16.     ORR erred in reversing the determination by the TRLED to apply adverse inferences to MSeafood due to the company's failure to provide CBP with information reasonably requested by the agency.

17.     Specifically, ORR erred in concluding that the TRLED lacked a basis for applying adverse inferences due to the Minh Phu Group's inability to report to the agency how shrimp imported from India was used by the company in its production process.  The Minh Phu Group conceded that it was not able to trace how Indian shrimp imports were used in its production process from specific bills of lading to specific export sales and ORR acknowledged that the Minh Phu Group was incapable of tracking how specific imports of Indian shrimp were utilized in the company's production process.

18.     ORR's determination to reject the TRLED's application of an adverse inference due to the Minh Phu Group's inability to trace shrimp imported from India from specific bill of lading to a specific export sale and ORR's unilateral acceptance of the Minh Phu Group's clear and obvious deficiencies in its recordkeeping and record maintenance is arbitrary, capricious, an abuse of discretion, and is otherwise not in accordance with law.

### COUNT TWO

19.     Plaintiff incorporates the allegations contained in paragraphs 1 through 18 as fully set forth herein.

20.     ORR erred in reversing the initial determination of evasion as to MSeafood.

21.     Specifically, ORR acknowledged that the evidence on the record of the proceeding demonstrated that the Minh Phu Group had co-mingled Indian-origin shrimp with Vietnamese-origin shrimp in a shipment of frozen warmwater shrimp to the customs territory of the United States.  Addressing that part of the record, ORR stated that "[d]ue to insufficient documentary evidence on the record" regarding this incident "CBP cannot speak to whether this shipment qualifies as a clerical error under the EAPA."  Administrative Review Determination at 9.  ORR, however, failed to identify what, if any, deficiency existed with respect to the evidence on the record as to this co-mingling of Indian-origin shrimp.

22.     Moreover, as there was no dispute that the Minh Phu Group is incapable of tracing Indian-origin shrimp from importation through to export, ORR provided no reasonable explanation as to why substantial evidence on the record supported a determination that MSeafood had not evaded the antidumping duty order on certain frozen warmwater shrimp from India during the period of investigation.

23.     ORR's determination that substantial evidence on the record did not support a finding that MSeafood had evaded the antidumping duty order on certain frozen warmwater shrimp from India during the period of investigation is arbitrary, capricious, an abuse of discretion, and is otherwise not in accordance with law.

### COUNT THREE

24.     Plaintiff incorporates the allegations contained in paragraphs 1 through 23 as fully set forth herein.

25.     In conducting its investigation into MSeafood, TRLED failed to maintain the record in accordance with 19 C.F.R. § 165.21 by not serving copies of Requests for Information sent to Minh Phu Group and MSeafood and other record documents on all parties to the

investigation.  TRLED also failed to serve public versions of documents cited in its determination as to evasion on all interested parties.

26.     By failing to comply with the agency's regulations regarding maintenance of the administrative record, the resulting determinations issued by CBP are arbitrary, capricious, an abuse of discretion, and are otherwise not in accordance with law.

## COUNT FOUR

27.     Plaintiff incorporates the allegations contained in paragraphs 1 through 26 as fully set forth herein.

28.     In conducting its investigation into MSeafood, TRLED failed to reject submissions made by the Minh Phu Group (including MSeafood) that did not contain a summary of the business confidential information in sufficient detail to permit a reasonable understanding of the substance of the information or, in the alternative, a full explanation of the reasons as to why summarization was not possible.

29.     By failing to comply with the agency's regulations, the resulting determinations issued by CBP are arbitrary, capricious, an abuse of discretion, and are otherwise not in accordance with law.

## REQUEST FOR RELIEF

30.     Wherefore, Plaintiff respectfully requests that this Court:

a.     hold that TRLED failed to maintain the administrative record consistent with CBP's regulations;

b.     hold that TRLED failed to require that public summaries contain a summary of the bracketed information in sufficient detail to permit a

reasonable understanding of the substance of the information or, in the

alternative, a full explanation as to why summarization was not possible;

c.     hold that CBP's ORR determination in its *de novo* administrative review is

arbitrary, capricious, an abuse of discretion, and is otherwise not in

accordance with law;

d.     remand this matter to CBP for disposition consistent with the Court's final

opinion and order; and

e.     provide such other relief as this Court deems just and appropriate.

Respectfully submitted,

/s/ Nathaniel Maandig Rickard
Nathaniel Maandig Rickard
Zachary J. Walker

**PICARD KENTZ & ROWE LLP**
1750 K St., N.W.
Suite 800
Washington, DC 20006
(202) 331-5040

*Counsel to Plaintiff Ad Hoc Shrimp*
*Trade Enforcement Committee*

Dated: March 23, 2021