## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **AD HOC SHRIMP TRADE ENFORCEMENT COMMITTTEE,** | |
| Plaintiff, | |
| v. | Before Claire R. Kelly, Judge |
| **UNITED STATES,** | Court No. 21-00129 |
| Defendant, | |
| and | |
| **MINH PHU GROUP,** | |
| Defendant-Intervenor. | |

### ORDER

Upon consideration of the Joint Motion for a Protective Order, May 14, 2021, ECF No. 18, it is

**ORDERED** that the motion is granted; and it is further

**ORDERED** that the accompanying Protective Order is approved and entered.

/s/ Claire R. Kelly
Claire R. Kelly, Judge

Dated:   May 14, 2021
         New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE CLAIRE R. KELLY, JUDGE

|  |  |
|---|---|
| AD HOC SHRIMP TRADE ENFORCEMENT COMMITTEE, | ) ) ) ) |
| Plaintiff, | ) ) Court No. 21-00129 |
| v. | ) ) ) |
| UNITED STATES, | ) ) ) |
| Defendant, | ) ) ) |
| MINH PHU GROUP, | ) ) ) |
| Defendant-Intervenor. | ) ) |

**PROTECTIVE ORDER**

1. For purposes of this Protective Order, "Confidential Information" means information, data, and documents the disclosure of which to or by the receiving party would, in the good faith belief of the producing party, result in the disclosure of one of the following categories of information: (1) proprietary, business, financial, technical, trade secret, or commercially sensitive information; (2) information that any party or person is prohibited from releasing publicly pursuant to contracts, applicable statutes, applicable regulations, or directives from the Government; (3) private information that is otherwise protected from disclosure under applicable law including, but not limited to, personnel files; and (4) other confidential research, development, or commercial information as set forth in USCIT Rule 26(c)(1)(G).

2.  This Protective Order is not intended to address or govern claims of privilege or work product that may otherwise be asserted by any of the parties. This Protective Order does not restrict in any manner a party's use of its own Confidential Information.

3.  No receiving party may disclose any document designated as containing Confidential Information, or any information contained in such a document, to any person other than:

   A. Counsel for a party in this action who are engaged in the conduct or preparation of this action or any appeal from a decision in this action;

   B. Secretaries, paralegal assistants, clerical personnel, and other employees of a party in this action who are engaged in assisting counsel (as described in item A of this paragraph) in the preparation of this action;

   C. Persons who prepared, received, or reviewed Confidential Information prior to its production in this case;

   D. Government personnel or investigators to whom counsel determine in good faith that disclosure is required to assist in the prosecution, defense or resolution of this case;

   E. Authorized personnel of the U.S. Court of International Trade;

   F. Videographers or court reporters retained by a party to this action or the Court;

   G. Any third party consultant or experts who are retained to assist in the preparation of this action.

4.  For the purposes of this proceeding, the parties will rely on Form 17 (Business Proprietary Information Certification) of the Court to gain access to Confidential Information. Upon the filing of a Form 17, counsel for Plaintiff and Defendant-Intervenor shall be provided

access to the Confidential Information filed on the record of this proceeding, consistent with the terms of this Protective Order.  Counsel for Plaintiff and Defendant-Intervenor shall cause all persons under counsel's direction and control who see Confidential Information to comply with the terms of this Protective Order.

5. All persons having access to Confidential Information shall maintain it in a safe and secure manner to ensure compliance with this Protective Order.  Persons receiving Confidential Information pursuant to this Protective Order will not make use of or disclose any Confidential Information for any purpose other than the litigation of this action.  A party, or a party's attorney, waives the protection of this Protective Order as to the information of the party contained in any filing of that party or any information of the party contained in the administrative record, when it files such information without redaction and not under seal.

6. Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Confidential Information consistent with this Protective Order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

7. A designation of information as "confidential" is to be made by stamping or otherwise inscribing the word "CONFIDENTIAL" and/or "BUSINESS PROPRIETARY INFORMATION" and/or "PROPRIETARY DOCUMENT" and/or "SUBJECT TO PROTECTIVE ORDER" upon the document itself.  When a document contains information that is both non-confidential and confidential, the producing party will make a reasonable effort to

segregate the confidential portions by clearly identifying the specific pages and/or portions thereof which are confidential.  The filing with the Court of confidential and public versions of a party's appendix will satisfy the requirements of this paragraph.  Any Confidential Information must be appropriately identified by enclosing it in brackets.  Those portions of documents which are not confidential will not be restricted by this Protective Order, and the parties, in their publicly filed pleadings, publicly filed briefs, or other publicly filed submissions, may quote, reference, or summarize non-BPI and other non-confidential information contained in a document containing both non-confidential and confidential information, without redaction.

8. Any documents, including briefs and memoranda that are filed with the Court in this civil action and that contain any Confidential Information, shall be conspicuously marked as containing Confidential Information that is not to be disclosed to the public.

9. Arrangements shall be made with the Clerk of the Court to retain such documents under seal, permitting access only to the Court, Court personnel authorized by the Court to have access, counsel for the plaintiff, counsel for the defendant, and counsel for defendant-intervenor. The party filing any document referred to in this paragraph shall also file within three business days after the date of filing the document another copy of such document from which all of the confidential information shall have been deleted in accordance with Rule 81 of the Rules of this Court.

10. If counsel for any party to this Protective Order finds it necessary to refer to Confidential Information in any oral proceeding before this Court, such counsel shall notify the Court and all other counsel of record as soon as the necessity becomes apparent and propose whatever mechanism which may be available and appropriate to prevent disclosure of Confidential Information to persons other than those authorized by this Protective Order.

11. The obligations and protections imposed by this Protective Order shall continue beyond the conclusion of this case, including any appellate proceedings, or until the Court orders otherwise.

12. Upon conclusion of this litigation, including such appellate review as may occur, documents designated as Confidential Information and all copies of same (other than exhibits of record) will be destroyed by any non-Government receiving party; or alternatively, if requested by the producing party, such documents and copies (other than exhibits of record) will be returned by the non-Government receiving party to the producing party at that party's request, other than copies containing work notes of counsel or other authorized persons, which will be destroyed.

13. Any party may petition the Court, on reasonable notice to all other parties, for a modification of the terms of this Protective Order. The Court shall have continuing jurisdiction to modify, amend, enforce, interpret, or rescind any or all provisions of this Protective Order, notwithstanding the final termination or conclusion of this case.

14. If a dispute arises concerning the designation of any Confidential Information, the parties shall first take reasonable steps to meet and confer in good faith to resolve any dispute on an informal basis before seeking the Court's intervention.

15. If the parties cannot informally resolve any dispute regarding whether particular information is properly designated, or properly not designated, as Confidential Information under this Protective Order, a party may apply to or move the Court for an in camera determination or Order that Confidential Information is not entitled to such designation status and protection from disclosure. The Designating (or non-Designating) Party shall be given notice of the application or motion and a reasonable opportunity to respond. Material designated as Confidential

- 6 -

Information prior to any such challenge shall be treated as such by the parties until further order of the Court has determined or ordered otherwise.  The burden rests on the Designating (or non-Designating) Party to demonstrate that the designation (or lack thereof) is proper.

Dated: May 14, 2021  /s/ Claire R. Kelly
      New York, New York                      JUDGE