## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| AD HOC SHRIMP TRADE ENFORCEMENT COMMITTEE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Before: The Honorable Claire R. Kelly, Judge |
| UNITED STATES, | ) ) | Court No. 21-00129 |
| Defendant, | ) ) | |
| And | ) ) | |
| MINH PHU SEAFOOD JOINT STOCK COMPANY and MSEAFOOD CORPORATION, | ) ) ) | |
| Defendant-Intervenors. | ) ) | |

## REPLY OF PLAINTIFF IN SUPPORT OF RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD

Nathaniel Maandig Rickard
Zachary J. Walker

**PICARD KENTZ & ROWE LLP**

1750 K Street N.W.
Suite 800
Washington, D.C. 20006
(202) 331-4040

*On behalf of the Ad Hoc Shrimp
Trade Enforcement Committee*

January 10, 2022

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION ...................................................................................................................... 1

ARGUMENT .............................................................................................................................. 4

I.      CBP's Failure to Require Adequate Public Summaries Was Unlawful ............................. 4

II.     ORR's Failure to Review the Administrative Record Was Arbitrary, Capricious,
        and an Abuse of Discretion ................................................................................................ 12

CONCLUSION ........................................................................................................................ 21

## <u>TABLE OF AUTHORITIES</u>

### Cases

<u>Ad Hoc Shrimp Trade Action Comm. v. United States</u>, 35 C.I.T. 1110,
791 F. Supp. 2d 1327 (2011)…………………………………………………..…….. 19

<u>Borusan Mannesmann Pipe U.S. Inc. v. United States</u>, Slip. Op. 2020-90,
2020 Ct. Intl. Trade LEXIS 95 (June 25, 2020)……………………….………………….. 19

<u>Citizens to Preserve Overton Park, Inc. v. Volpe</u>, 401 U.S. 402 (1971)…………………….. 18

<u>Cook v. United States</u>, 536 F.2d 365 (Ct. Cl. 1976)……………………………………….. 5

<u>Diamond Tools Technology LLC v. United States</u>, Slip Op. 2021-151,
2021 Ct. Intl. Trade LEXIS 155 (Oct. 29, 2021)………………………………………….... 2

<u>Frontier Ins. Co. v. United States</u>, 25 C.I.T. 717, 155 F. Supp. 2d 779 (2001)………….................. 19

<u>Fund for Animals v. Williams</u>, 245 F. Supp. 2d 49 (D.D.C. 2003) ...…………………………. 18

<u>Giorgio Foods, Inc. v. United States</u>, 35 C.I.T. 297, 755 F. Supp. 2d 1342 (2011)..………….…. 18

<u>Invenergy Renewables LLC v. United States</u>, 476 F. Supp. 3d 1323
(Ct. Int'l Trade 2020)…………………………………………………..……... 18-19

<u>JSW Steel, Inc. v. United States</u>, 466 F. Supp. 3d 1320 (Ct. Int'l Trade 2020) ………………..… 18

<u>Novolipetsk Steel Pub. Joint Stock Co. v. United States</u>, 503 F. Supp. 3d 1329
(Ct. Int'l Trade 2021)…………………………………………………….……. 18-19

<u>Pacific Shores Subd. v. U.S. Army Corps of Eng.</u>, 448 F. Supp. 2d 1 (D.D.C. 2006)……………. 18

<u>Royal Brush Mfg. Inc. v. United States</u>, 483 F. Supp. 3d 1294 (Ct. Int'l Trade 2020)…..… 2, 4, 9, 11

<u>Royal Brush Mfg. Inc. v. United States</u>, Slip. Op. 2021-152, 2021 Ct. Intl. Trade LEXIS 153
(Oct. 29, 2021)…………………………………………………………………. 2, 10

<u>Vietnam Finewood Co. v. United States</u>, 466 F. Supp. 3d 1273
(Ct. Int'l Trade 2020) ………………….….…………………………………….. 2

**Statutes**

19 U.S.C. § 1517…………………….……..…………………………………….. 1-2, 4, 15-16

Trade Facilitation and Trade Enforcement Act of 2015, P.L. 114-125 (Feb. 24, 2016) …………….. 1

**Regulations**

19 C.F.R. § 165.4………………………..……………………………………… 4, 6, 10-12

19 C.F.R. § 351.304………………….…..……………………………………………... 9

## <u>INTRODUCTION</u>

The administrative proceedings conducted by U.S. Customs and Border Protection ("CBP") pursuant to the Enforce and Protect Act ("EAPA") are novel, having been enacted into law six years ago as part of the Trade Facilitation and Trade Enforcement Act. <u>See</u> Trade Facilitation and Trade Enforcement Act of 2015, Pub. L. No. 114-125, title IV, § 517, 130 Stat. 122, 161-69 (2016) (codified at 19 U.S.C. § 1517).  Administrative proceedings with an administrative record and involving two opposing private parties – the party submitting an evasion allegation and the subject of the evasion allegation – are without precedent for CBP.

Having gained experience through a growing number of proceedings, CBP has worked to improve and refine its practices for administering its statutory responsibilities under EAPA.  For example, last year, CBP launched an online EAPA "portal" for conducting EAPA proceedings.[1] This neoteric document management system was not utilized by CBP for the underlying administrative proceeding in this instant action.[2]  Nevertheless, evidence of the immaturity of CBP's practices under EAPA remain.  While CBP's Office of Trade ("OT"), Trade Remedy & Law Enforcement Directorate ("TRLED") publishes public versions of its Notices of Action on the agency's website,[3] CBP OT Regulations and Ruling ("ORR"), the CBP office that conducts

---

[1]  <u>See</u> <u>Enforce and Protect Act (EAPA)</u>, U.S. CUSTOMS AND BORDER PROTECTION, https://www.cbp.gov/trade/trade-enforcement/tftea/eapa (last visited Jan. 6, 2022) ("On April 1, 2021, U.S. Customs and Border Protection (CBP) updated the process to submit EAPA allegations.").

[2]  Instead, interested parties submitting information to CBP in the underlying proceeding sent the documents electronically to an email address controlled by CBP.

[3]  <u>See</u> <u>Notices of Action</u>, U.S. CUSTOMS AND BORDER PROTECTION, https://www.cbp.gov/trade/trade-enforcement/tftea/eapa/notices-action (last visited Jan. 6, 2022) (organized under three distinct categories: "Notices of Investigation"; "Notices of Covered Merchandise Referral"; and "Notices of Determination as to Evasion").

the statutorily mandated administrative reviews (see 19 U.S.C. § 1517(f)), has elected not to publish its administrative review determinations in any forum.  Accordingly, while TRLED determinations can easily be reviewed to discern the standards and legal interpretations applied in EAPA proceedings, there is no similar possibility of evaluating ORR determinations.  In fact, while EAPA investigations resulting in initiation, interim measures, and final evasion determinations is a known universe based on CBP's public disclosures, the number of EAPA proceedings resulting in ORR administrative review determinations is unknown.

Challenges as to the legal sufficiency of CBP's actions under EAPA only began to reach the Court of International Trade ("Court") in 2019.[4]  While many appeals of CBP's EAPA determinations have been commenced, there have been just four decisions from the Court related to CBP's legal responsibilities under EAPA.[5]  Many more docketed appeals of CBP's EAPA determinations remain pending before the Court.[6]  Accordingly, it is reasonable to anticipate that

---

[4]     See Compl., Lyke Industrial Tool, LLC v. United States, Ct. No. 19-cv-28 (Ct. Int'l Trade Mar. 10, 2019), ECF No. 2.  This action has been stayed pending final resolution of Bosun Tools Co. v. United States, Ct. No. 18-cv-102.

[5]     See Vietnam Finewood Co. v. United States, 466 F. Supp. 3d 1273 (Ct. Int'l Trade 2020); Royal Brush Mfg. Inc. v. United States, 483 F. Supp. 3d 1294 (Ct. Int'l Trade 2020) ("Royal Brush I"); Royal Brush Mfg. Inc. v. United States, Slip. Op. 2021-152, 2021 Ct. Intl. Trade LEXIS 153 (Oct. 29, 2021) ("Royal Brush II"); and Diamond Tools Technology LLC v. United States, Slip Op. 2021-151, 2021 Ct. Intl. Trade LEXIS 155 (Oct. 29, 2021).

[6]     In addition to Lyke Industrial Tool and the instant case, the following EAPA appeals have not yet resulted in decisions being issued by the Court: Columbia Aluminum Products, LLC v. United States, Consol. Ct. No. 19-cv-185 (complaint filed Oct. 1, 2019); Worldwide Door Components Inc. v. United States, Ct. No. 20-cv-62 (complaint filed Mar. 16, 2020; stayed pending final resolution of Worldwide Door Components, Inc. v. United States, Ct. No. 19-cv-12); All One God Faith, Inc. v. United States, Consol. Ct. No. 20-cv-164 (complaint filed Aug. 26, 2020); Aspects Furniture Int'l, Inc. v. United States, Ct. No. 20-cv-3824 (complaint filed Nov. 4, 2020); American Pacific Plywood Inc. v. United States, Consol. Ct. No. 20-cv-3914 (complaint filed Dec. 17, 2020); Blue Pipe Steel Center Co., Ltd. v. United States, Ct. No. 21-cv-81 (complaint filed Mar. 8,

CBP's practices administering EAPA will be further refined as the result of the Court's resolution of these legal challenges.

In this case, the parties have identified two novel legal issues.  First, may an interested party participating in an EAPA proceeding who cannot "identify a protected property interest" (Def.'s Resp. in Opp'n to Pl.'s Mot. for J. on the Agency R. at 27, Dec. 3, 2021, ECF No. 41 ("Def. Br.")) challenge CBP's failure to "ensure compliance with the public summarization requirements provided in" the agency's own regulations (Royal Brush I, 483 F. Supp. 3d at 1308)?  Second, what constitutes a demonstration by Plaintiff sufficient to overcome the presumption of regularity attached to ORR's claim that it reviewed the "entire administrative record" in conducting its administrative review?

These questions result from an administrative proceeding that is ultimately about the sufficiency of measures adopted by Defendant-Intervenors Minh Phu Seafood Joint Stock Company and MSeafood Corporation (collectively, "MPG") to prevent the Indian shrimp it purchases and imports from being transshipped to the United States.  AHSTEC submitted an allegation and pursued an EAPA investigation because of widely held concerns regarding MPG's use of imported shrimp in its operations.  During the course of the investigation, MPG confirmed that it could not trace the shrimp it imports to its final sales destination.  Instead, MPG described a series of manual safeguards and paper reconciliations that purportedly prevent transshipment

---

2021); Leco Supply Inc. v. United States, Ct. No. 21-cv-136 (complaint filed Mar. 25, 2021); Norca Indus. Co. LLC v. United States, Consol. Ct. No. 21-cv-192 (complaint filed Apr. 27, 2021); Global Aluminum Distributor LLC v. United States, Consol. Ct. No. 21-cv-198 (complaint filed Apr. 28, 2021); Fedmet Resources Corp. v. United States, Ct. No. 21-cv-248 (complaint filed May 21, 2021); H&E Home Inc. v. United States, Consol. Ct. No. 21-cv-337 (complaint in consolidated case, Global Aluminum Distributor LLC v. United States, Ct. No. 21-cv-312, filed July 2, 2021); and Ikadan System USA, Inc. v. United States, Ct. No. 21-cv-596 (complaint filed Nov. 23, 2021).

from occurring but did not, in fact, preclude MPG from transshipping Indian-origin shrimp to the

United States during the period investigated.  The resolution of TRLED's evasion determination,

if not for ORR's unlawful reversal, would presumably have been MPG's adoption of real,

provable controls that meaningfully tracked and traced the disposition of the company's

imported shrimp.  However, ORR's arbitrary and capricious action allows MPG to continue its

operations unchanged, continuing its transshipment of Indian-origin shrimp to the United States.

## <u>ARGUMENT</u>

## I.     CBP'S FAILURE TO REQUIRE ADEQUATE PUBLIC SUMMARIES WAS UNLAWFUL

The Ad Hoc Shrimp Trade Enforcement Committee ("AHSTEC") participated as an

"interested party" in the EAPA administrative proceeding subject to this appeal.  <u>See</u>

19 U.S.C. § 1517(a)(6)(A)(v).  CBP's regulations require that the public version of a document

placed on the administrative record by an interested party "contain a summary of the bracketed

information in sufficient detail to permit a reasonable understanding of the substance of the

information." 19 C.F.R. § 165.4(a)(2).  Similarly, any information placed on the administrative

record by CBP "will include a public summary of the business confidential information as

described in paragraph (a)(2) of this section {(<u>i.e.</u>, 19 C.F.R. § 165.4(a)(2))}, when applicable."

19 C.F.R. § 165.4(e).  The Court has held that "Customs must ensure compliance with the public

summarization requirements provided in its own regulations." <u>Royal Brush I</u>, 483 F. Supp. 3d at

1308 (footnote omitted).

In the proceeding below, AHSTEC raised numerous concerns regarding MPG's

overbroad claims that information submitted to the agency was business confidential, as well as

the inadequacy of the public versions filed by MPG.  <u>See</u> Pl. Ad Hoc Shrimp Trade Enforcement

Committee's Non-Confidential Mem. in Supp. of R. 56.2 Mot. for J. on the Agency R. at 32,

Aug. 30, 2021, ECF No. 34 ("AHSTEC Br.") (citing Letter from Picard Kentz & Rowe LLP to

CBP, EAPA Case No. 7356 (Feb. 28, 2020), P.R. 16; Letter from Picard Kentz & Rowe LLP to

CBP, EAPA Case No. 7356 (Mar. 25, 2020), P.R. 18; Letter from Picard Kentz & Rowe LLP to

CBP, EAPA Case No. 7356 (Mar. 31, 2020), P.R. 19; Letter from Picard Kentz & Rowe LLP to

CBP, EAPA Case No. 7356 (May 7, 2020) at 3-4, P.R. 64; Letter from Picard Kentz & Rowe

LLP to CBP, EAPA Case No. 7356 (Sept. 28, 2020) at 4-7, P.R. 219; and Letter from Picard

Kentz & Rowe LLP to CBP, EAPA Case No. 7356 (Nov. 25, 2020) at 17-18, P.R. 230).

Nevertheless, neither TRLED nor ORR addressed AHSTEC's arguments at any point during the

investigation or administrative review.

The Defendant argues that "AHSTEC points to no cognizable violation of due process

nor regulatory violation," (Def. Br. at 24) because the Court decision relied upon by Plaintiff,

Royal Brush, "is plainly distinguishable" (id. at 26).  Although Defendant concedes that in Royal

Brush, a remand order was issued that led to revised public summaries being placed on the

administrative record, the Government emphasizes that the case involves a challenge brought by

"an *importer* who was the target of an EAPA investigation."  Id. at 26 (emphasis in original).

"At bottom, because {AHSTEC} does not identify any protected property interest, it cannot have

a due process right to a 'particular form of procedures.'"  Id. at 27-28 (quoting Cook v. United

States, 536 F.2d 365, 368 (Ct. Cl. 1976)).  Defendant further asserts:

> AHSTEC is *not* an importer who is the target of an EAPA investigation, rather, it
> made the allegations *against* MPG.  And unlike in *Royal Brush*, wherein CBP
> itself failed to provide adequate public summaries of business proprietary
> information, here, CBP accepted MPG's various public summaries.  While
> AHSTEC may quibble with CBP for not rejecting MPG's voluminous
> submissions and requiring more detail in its public summaries, the very fact that
> AHSTEC ably filed robust comments to each of MPG's submissions undermines
> its argument and demonstrates that MPG's public summaries provided
> "information in sufficient detail to permit a reasonable understanding of the

substance of the information."  19 C.F.R. § 165.4(a)(2).  Moreover, AHSTEC
fails to articulate precisely how MPG even could have provided more information
in its public summaries, despite now having had access to MPG's business
proprietary information.

Def. Br. at 27 (emphases in original).

Contrary to Defendant's claim that AHSTEC failed to "articulate precisely" how MPG

could have provided more information in its public summaries, Plaintiff repeatedly made such

demonstrations to CBP throughout the EAPA proceeding.  See e.g., Letter from Picard Kentz &

Rowe LLP to CBP, EAPA Case No. 7356 (Feb. 28, 2020) at 12-18, P.R. 16; Letter from Picard

Kentz & Rowe LLP to CBP, EAPA Case No. 7356 (Mar. 25, 2020) at 6-12, P.R. 18; and Letter

from Picard Kentz & Rowe LLP to CBP, "Comments of AHSTEC on Minh Phu Seafood Joint

Stock Company's March 23rd Response to CBP," (Mar. 31, 2020) at 6-9 and 10-14, P.R. 19.

Indeed, numerous instances of MPG treating the same information as public and business

confidential were specifically identified by AHSTEC.  See, e.g., Letter from Picard Kentz &

Rowe LLP to CBP, EAPA Case No. 7356 (Feb. 28, 2020) at 7-9 (noting that MPG claimed

business confidential treatment for its ownership interest in a number of affiliated entities despite

the company's public financial statement detailing such ownership interests), P.R. 16.  MPG's

obvious inconsistencies in identifying business confidential information is emblematic of its

failure to comply with CBP's regulations, but, more importantly, demonstrates CBP's total

failure to ensure the adequacy of MPG's public summaries.  As with CBP in the underlying

proceeding, Defendant has declined to address these specific claims before this Court.

Throughout the proceeding before CBP and continuing before this Court, MPG presents

its own characterizations of voluminous information omitted from the public record as "facts."

However, the lack of any meaningful public summaries of business confidential information

filed by MPG, as well as MPG's unwarranted and unsupported designations of public

information as confidential, made it impossible for AHSTEC to evaluate the accuracy of the

company's characterizations.  For the most important issues in the EAPA investigation (i.e.,

evidence relating to the transshipped Indian shrimp), the confidential information submitted by

MPG does not support its public characterizations.  See AHSTEC Br. at 23-24, 39-40.

     MPG's brief to this Court provides a useful example as to how the lack of adequate

public summaries substantively impacted the EAPA proceeding.  In the proceeding below, MPG

repeatedly asserted that there was no evidence supporting the claim that it had commingled

Indian-origin shrimp for its exports to the United States when the company was subject to the

antidumping duty order on shrimp from Vietnam.  See, e.g., Letter from Morris, Manning &

Martin, LLP to CBP, "Voluntary Submission of Supplemental Information," (May 1, 2020) at 3-

5, P.R. 38 ("Indeed, neither AHSTEC nor CBP have provided information regarding any imports

of Indian shrimp by MSeafood during the periods covered by the 2014-2015 review or prior

reviews."); Letter from Morris, Manning & Martin, LLP to CBP, "Minh Phu Request for

Administrative Review," (Nov. 10, 2020) at 23-24, P.R. 227 ("In these circumstances, this

'history' of commingling is at best speculation . . . .").  Representing that it had "reviewed all

publicly available submissions pertaining to Minh Phu and MSeafood in the antidumping duty

proceedings of Shrimp from Vietnam," MPG asserted that it was unable to "locate{} anything in

the record of those proceedings indicating that MSeafood imported Indian shrimp into the United

States as Vietnam-origin shrimp" and bemoaned the possibility that AHSTEC submitted MPG's

business proprietary information ("BPI") from a proceeding before the U.S. Department of

Commerce ("Commerce") to CBP.  Letter from Morris, Manning & Martin, LLP to CBP,

"Voluntary Submission of Supplemental Information," (May 1, 2020) at 4, 4 n.6, P.R. 38

("However if the information is BPI and was provided by petitioners to CBP, this would

constitute a violation of petitioners' BPI obligations in that petitioners have certified to the destruction of this information.  In this circumstance, CBP should report the violation to Commerce and reject the information as being unlawfully submitted to CBP.").  Despite its past claims to CBP, MPG now flatly states that "{d}uring the course of the Commerce proceedings, including the 2014-2015 AD review, Minh Phu reported that it purchased a relatively small quantity of frozen raw shrimp from India and imported this shrimp into Vietnam from India." Resp. Br. of Def.-Ints. Minh Phu Seafood Joint Stock Co. and MSeafood Corp. in Opp'n to Pl.'s Mot. for J. on the Agency R. at 2, Dec. 3, 2021, ECF No. 43 ("MPG Br.").

For this concession, MPG cites to "C.R. Doc. 5 at Exhibit D-5." Id.[7]  These materials, placed on the administrative record by the TRLED, can be found at ECF No. 20.1, running from pages 927 to 989 of the PDF file.  The public version of this Exhibit, on the other hand, is P.R. 12, found at ECF No. 21.2 at pages 957 and 958 of the PDF.  The public version of MPG's submission to Commerce designated Exhibit D-5 as "NOT SUSCEPTIBLE TO PUBLIC SUMMARIZATION" (id.) and there is no discussion of Minh Phu's imports of frozen raw shrimp from India within the public document.  Accordingly, MPG has elected, before this Court, to now provide a public summary of information that it had previously identified as confidential before Commerce and, in the underlying proceeding before CBP, used its prior lack of public disclosure to argue against reliance on a demonstrable fact regarding MPG's historic operations.

---

[7]    Throughout its brief, MPG cites to documents on the confidential record without providing corresponding citations to the public record.  MPG does so even where the text accompanying the sentence is entirely public.  This approach would seem to reflect an understanding that the public summaries provided on the public administrative record are inadequate, on their own, to support the arguments presented to this Court by MPG.

MPG's new public summarization – that it had sourced shrimp from India while subject to the antidumping duty order on Vietnamese shrimp – is accompanied by another public summarization of confidential information that had previously not been summarized before the submission of its brief to the Court: a characterization of the quantity of shrimp purchased from India at that time.  See MPG Br. at 2 (referring to these purchases as involving a "relatively small quantity of frozen raw shrimp").  It is not possible to evaluate this characterization based on the public administrative record of the underlying proceeding, as MPG did not previously provide any range of the volumes of purchased Indian shrimp initially reported to Commerce during the 2014-15 administrative review proceeding.  See CBP, "Memorandum to the File," (Dec. 20, 2019), P.R. 12 (ECF No. 21.2 at page 957) (placing onto the administrative record MPG's Section D Response for the 2014-2015 Commerce administrative review).  With access to the confidential record, a comparison of MPG's characterization to the information actually reported by the company, at pages 928 through 931 of the PDF of ECF No. 20.1, shows that this characterization is unsupported.  See also AHSTEC Br. at 10-11.  Moreover, while choosing to now publicly summarize some aspects of its past purchases and importation of Indian shrimp, MPG neither references nor addresses other confidential information in that submission undermining the company's characterizations regarding past transshipment.  See id. at 10.

Before Commerce, any failure by the agency to enforce its own regulations at 19 C.F.R. § 351.304(c)(1) is contextualized by "robust {administrative protective order ("APO")} procedures that mitigate any impact that might result in the case of Commerce's noncompliance."  Royal Brush I, 483 F. Supp. 3d at 1308 n. 22.  In EAPA investigations before CBP, however, there is no APO process through which interested parties may access business confidential information placed on the record by other parties or by the agency.  In this case, as

extensively summarized in its brief, MPG presented a series of characterizations regarding the information requested by CBP (see MPG Br. at 2-14) but these characterizations were unsupported by the confidential record developed over the course of the investigation (see e.g., AHSTEC Br. 38-40).  In the absence of adequate public summaries there is no ability by any interested party to evaluate those characterizations against the record.  MPG's aggressive claims that public information was in fact confidential information that could not be disclosed coupled with its failure to provide adequate public summaries – failing entirely to provide any ranging of any "confidential" numbers or amounts submitted to CBP – allowed MPG to mischaracterize the record to ORR without running any risk that such mischaracterizations would be identified and rebutted by AHSTEC.

At base, Defendant's position is that no interested party other than an importer may challenge CBP's disregard for the requirements of 19 C.F.R. § 165.4(a)(2).  Defendant accurately observes that in Royal Brush II, the Court analyzed whether Plaintiff's due process rights had been violated utilizing a three-factor test that focuses, in part, on the private interest impacted by the official agency action.  Def. Br. at 26-27 (quoting Royal Brush II, 2021 Ct. Intl. Trade LEXIS 153, at *6).  From this, Defendant asserts that because AHSTEC cannot "identify any protected property interest," any relief that results in expanding "access by a company or person alleging an EAPA violation to the target company's business proprietary information during an EAPA investigation" would improperly afford due process rights that are unwarranted.  Def. Br. at 27-28.

Defendant misstates Plaintiff's argument.  AHSTEC does not argue that it should have had access to MPG's business proprietary information.[8]  Rather, throughout the investigation, AHSTEC raised specific objections to the inadequacy of the public summaries filed by MPG and the company's designation of public information as confidential information.  Like the Plaintiff in Royal Brush I, AHSTEC has petitioned this Court to determine whether CBP has complied with its own regulations, consistent with the holding that "Customs must ensure compliance with the public summarization requirements provided in its own regulations."  Royal Brush I, 483 F. Supp. 3d at 1308.  Subsequent to the Court's decision in Royal Brush I, in another appeal of an EAPA determination, the Court responded to a motion for a voluntary remand by ordering CBP to "review the record and ensure compliance with the public summary requirement set forth in 19 C.F.R. § 165.4."  Order, Leco Supply, Inc. v. United States, Ct. No. 21-136, Aug. 3, 2021, ECF No. 42.[9]  Here, because CBP did not ensure compliance with the public summarization requirements within its own regulations in the underlying proceeding, remand is similarly appropriate.

---

[8]     Defendant states that AHSTEC "continued to argue that MPG should have made its business confidential information available to it."  See Def. Br. at 8.  This was not AHSTEC's argument before CBP.  Rather, AHSTEC argued that CBP must ensure that public summaries of business confidential information submitted onto the public administrative record comply with the agency's regulations.

[9]     The Government recently filed a motion for voluntary remand in another EAPA appeal, observing that "{r}emand would also allow CBP to review the administrative record and provide public versions, as appropriate, of certain confidential documents . . . ."  Def.'s Mot. for Voluntary Remand and to Suspend the Current Briefing Schedule at 3, Fedmet Resources Corp. v. United States, Ct. No. 21-cv-248, Jan. 6, 2022, ECF No. 37; see also Order, Fedmet Resources Corp. v. United States, Ct. No. 21-cv-248, Jan. 6, 2022, ECF No. 38.

Regardless of how this Court evaluates AHSTEC's public summarization claim, CBP's unwillingness to ensure compliance with its regulations underscores the defects in ORR's determination due to its failure to review the entire administrative record. Because an administrative review is initiated through a request that sets forth the arguments of the party opposing TRLED's final determination of evasion (see 19 C.F.R. § 165.41(f)) and the only other submissions made to ORR are written responses to the request for administrative review from other parties (see 19 C.F.R. § 165.42), in circumstances where the vast majority of the record has been designated confidential and adequate public summaries are not provided, the responsibility for critically evaluating the characterizations made by the party alleged to have engaged in evasion falls entirely on ORR. As such, it is absolutely essential for ORR to review the entire administrative record in conducting its *de novo* review. As discussed in greater detail below, because ORR could not have had the complete administrative record before it and took no steps to ensure that a complete administrative record had been transmitted to it, ORR's determination was arbitrary, capricious, and an abuse of discretion.

## II.    ORR'S FAILURE TO REVIEW THE ADMINISTRATIVE RECORD WAS ARBITRARY, CAPRICIOUS, AND AN ABUSE OF DISCRETION

As Defendant observes, ORR claims to have reviewed "the 'entire administrative record upon which the initial October 13 determination was made by TRLED,'" states that "its 'review of the administrative record raise{d} significant questions as to whether MPG engaged in evasion by transshipping Indian-origin frozen shrimp through Vietnam to the United States,'" and asserts that "'the record evidence as a whole is inconclusive to demonstrate that MPG's entries to the customs territory of the United States during the period of investigation contained covered merchandise{.}'" Def. Br. at 19-20 (quoting Letter from Paul Pizzeck, Chief, Penalties Branch, ORR, OT, CBP and Joanne R. Stump, Acting Executive Director, ORR, OT, CBP, re:

Enforce and Protect Act ("EAPA") Case Number 7356; 19 U.S.C. § 1517; Minh Phu Group

(Feb. 11, 2021) ("Administrative Review Determination"), C.R. 219, P.R. 233 at 7-8, 10).  In

response to AHSTEC's arguments, Defendant asserts that ORR's failure to cite to other record

documents beyond "MPG's supplemental RFI response" does not indicate that ORR failed to

consider the entire administrative record.  Id. at 20.  Defendant asks the Court to "reject

AHSTEC's baseless assertion that our motion to correct the administrative record in this action

somehow intimates that {ORR} failed to review the entire administrative record."  Id. (citation

omitted).  For its part, MPG criticizes AHSTEC's arguments as follows: "Rather than providing

clear evidence, AHSTEC simply points out that *some* documents compiled for submission to this

Court were inadvertently omitted from the initially filed record.  *This is neither the first nor the*

*last time that this has occurred in cases before this Court*."  MPG Br. at 20 (emphases added).

While MPG correctly acknowledges that the administrative record initially docketed with

this Court failed to include "some" documents, the scope of material initially missing from the

record merits further consideration.  The declaration accompanying the initial administrative

record submitted to this Court states that "{a}ttached is an Index of documents that constitute the

administrative record considered by TRLED and the Office of Regulations and Rulings in this

case."  Decl. of Scott Hoefke at ¶ 3, May 14, 2021, ECF No. 21.  The public version of the

administrative record initially docketed included 228 separate document designations with a total

count of 4,387 pages.  See ECF No. 21.1 through 21.5.[10]  The supplement to the public

---

[10]    The documents included in the public version of the administrative record are numbered
        1 through 233.  See Index of Administrative R., ECF No. 21-1.  Of these, seven of the
        assigned numbers do not correspond to a document ("Deleted Duplicate" or "Reserved"),
        while two of the numbers (6 and 12) were used to designate two separate documents
        each.  See id.

administrative record filed on June 30, 2021 included another 21 separate document designations

with a total count of 1,979 pages of material that was initially omitted from the public

administrative record.  See ECF No. 29.1 through 29.5.  In total, roughly one-third (1,979 out of

6,366 total pages) of the page count of the public administrative record was omitted from the

initial administrative record docketed with this Court, an outcome that would not be possible if

TRLED had previously transmitted the entirety of the administrative record to ORR for the

purposes of the administrative review.

       The material initially omitted from the confidential version of the administrative record

was just as, if not even more, substantial.  As explained in the declaration accompanying the

supplement to the administrative record:

> On May 17, 2021, CBP filed the administrative record in this case with the CIT.
> The following documents are part of the administrative record but were
> inadvertently omitted when the administrative record was prepared for filing with
> the CIT: Confidential Document Nos. 220-330 as well as Public Document Nos.
> 234-254.

Decl. of Scott Hoefke at ¶ 3, June 30, 2021, ECF No. 29.  Thus, while there were 21 document

designations missing from the originally submitted public administrative record compared to 228

initially designated, there were 111 document designations missing from the originally submitted

confidential administrative record compared to 219 initially designated.[11]  Accordingly, while it

is true that "some" documents were initially missing from the administrative record, the sheer

magnitude of these missing documents belies any claim that ORR had access to the entirety of

---

[11]    A comparison of the total page count of the confidential record initially docketed with the
total page count of the supplement to the confidential administrative record further
establishes the significance of the missing material.  Compare ECF No. 20.1 through
20.19 and ECF No. 23 with ECF No. 30.2 through 30.16.

the administrative record, let alone that it reviewed the entire record while conducting its

administrative review.

MPG further asserts, without any supporting citations, that this case presents neither the

first nor last time that the Court will be confronted with an administrative record from an agency

that inadvertently omitted "some" documents.  MPG Br. at 20.  While AHSTEC believes that

MPG is correct that the Court has repeatedly confronted incomplete administrative records

docketed in its review of administrative agency actions, MPG's failure to draw a comparison to

any specific circumstances akin to those presented here is noteworthy.  In fact, a review of

parallel circumstances demonstrates that the Government's approach in this proceeding differs

substantially from its actions in other EAPA appeals where documents were later discovered to

be absent from the administrative record initially docketed with the Court.

For example, in the EAPA appeal <u>Leco Supply, Inc. v. United States</u>, Ct. No. 21-136, the

Government filed a motion to supplement the administrative record stating:

> On May 18, 2021, defendant filed the administrative record. . .  After that date,
> we learned of documents that were inadvertently omitted from the administrative
> record.  As such, we now seek to supplement the administrative record with those
> documents.

Def.'s Mot. to Supplement the Public Administrative R., <u>Leco Supply, Inc. v. United States</u>, Ct.

No. 21-136, July 22, 2021, ECF No. 34.  Shortly thereafter, the Government submitted a motion

for voluntary remand, arguing that "{r}emand would allow {ORR} to consider in the first

instance certain documents inadvertently not transmitted to it when conducting its review under

19 U.S.C. § 1517(f) of the October 26, 2020 determination of evasion made by {the TRLED}."

Def.'s Mot. for Voluntary Remand and to Suspend the Current Briefing Schedule at 1, <u>Leco</u>

<u>Supply, Inc. v. United States</u>, Ct. No. 21-136, July 30, 2021, ECF No. 39.  The Government's

motion further explained:

- 15 -

CBP recently learned that certain documents collected during the investigation as part of the record were inadvertently not forwarded by TRLED to {ORR} for consideration during the administrative review.  *See* ECF No. 34-1 ¶ 6 (declaration identifying certain documents that were inadvertently not transmitted from TRLED to {ORR} for review).  {ORR's} consideration of the entirety of the record evidence is essential to ensure the accuracy and completeness of its final administrative determination.  *See* 19 U.S.C. § 1517(f) (providing for "*de novo* review of the determination" by {ORR}).  Therefore, we respectfully request voluntary remand to remedy this error.

We apologize to the Court and to the parties for any inconvenience caused by the inadvertent error in not transmitting these documents to {ORR}. . . .

Id. at 3.  In response, the Court issued an order granting the motion, explicitly directing that "CBP shall forward to {ORR} any and all documents collected during the investigation and omitted from the record prior to {ORR's} original *de novo* review."  Order, Leco Supply, Inc. v. United States, Ct. No. 21-136, Aug. 3, 2021, ECF No. 42.

In another appeal of an EAPA determination, Norca Industrial Co., LLC v. United States, Consol. Ct. No. 21-192, the Government also filed a motion for voluntary remand.  See Def.'s Mot. for Voluntary Remand and to Suspend the Current Briefing Schedule, Norca Industrial Co., LLC v. United States, Consol. Ct. No. 21-192, Sept. 28, 2021, ECF No. 23.  In its motion, the Government stated:

{T}he undersigned counsel recently learned that certain documents collected during the investigation were not provided to the parties during the investigation or included as part of the record that {ORR} received for consideration during the administrative review.  The parties should have the opportunity to make presentations to TRLED based on that information to inform its decision.  Additionally, {ORR's} consideration of the entirety of the record evidence is essential to ensure the accuracy and completeness of its final administrative determination.  *See* 19 U.S.C. § 1517(f) (providing for "*de novo* review of the determination" by {ORR}).  Therefore, we respectfully request voluntary remand to remedy this omission.

Id. at 3-4.  Thus, as in Leco Supply, the Government in Norca Industrial recognized that record materials not included in the administrative record initially filed with the Court had also not been

transmitted to ORR for consideration and requested the opportunity to cure this defect through a voluntary remand.[12]

Here, Defendant has explained that CBP learned that the administrative record initially submitted to the Court was incomplete after AHSTEC demonstrated that it was in possession of record documents not mentioned in the administrative record indices:

> On May 17, 2021, {CBP} timely filed the administrative record indices in this case, after having sought a 14-day extension of time.  Plaintiff has since informed CBP that it believes certain other documents should also be included in the administrative record, because it noted it has certain public documents in its possession that did not appear on either the public index or the corresponding version on the confidential index.  Defendant acknowledges that the documents plaintiff identified were inadvertently omitted from the indices of the administrative record filed with the Court, and that certain of the documents are voluminous.  With the Court's permission, {CBP} will complete the administrative record indices, and the completed administrative record indices shall contain the documents plaintiff identified as omitted from the administrative record.

Def.'s Consent Mot. to Correct the Administrative R. Indices and Extend Subsequent Deadline at 1-2 (unnumbered), June 15, 2021, ECF No. 27.  Before this Court, the Government has not explained how inadvertent omissions are possible where a complete administrative record would have to have been transmitted from TRLED to ORR, as consideration of the entirety of the record is essential for ORR's *de novo* review.

In both Leco Supply and Norca Industrial, the Government explicitly emphasizes that ORR's "consideration of the entirety of the record evidence is essential to ensure the accuracy and completeness of its final administrative determination."  In both Leco Supply and Norca Industrial, the Government indicates that TRLED transmits the administrative record in an EAPA proceeding to ORR for review.  In this case, there is no indication as to how ORR

---

[12]     The Government's motion is currently pending before the Court.

accessed the administrative record of the underlying proceeding.  If the administrative record was transmitted by the TRLED to ORR, it is reasonable to believe that the record would have been accompanied by an index describing the contents of that record for ORR.  Any such index, in turn, would constitute the logical basis for the compilation of an administrative record for submission to this Court.  Nevertheless, there is nothing on the record demonstrating that an administrative record index was produced, let alone transmitted to ORR, prior to the filing of the record with this Court.  In short, the Defendant's reliance on the presumption of regularity afforded to CBP rather than an explanation of the steps taken to ensure that a complete record was transmitted is inconsistent with the Government's representations to the Court in other EAPA proceedings that "consideration of the entirety of the record evidence is essential" in ensuring both "the accuracy and completeness of its final administrative determination."

Further, the steps taken by the Government to identify and describe materials missing from the original administrative records submitted in <u>Leco Supply</u> and <u>Norca Industrial</u> have no parallel in this proceeding.  Indeed, the administrative record filed with this Court here appears to still be incomplete.  AHSTEC's opening brief identified numerous instances of public documents referenced by other public documents on the administrative record that have not been submitted to this court.  <u>See</u> AHSTEC Br. at 8 n.4, 17 n.9, 17 n.10, 19 n.11, 21 n.12, 21 n.13, 21 n.14, and 21 n.15.  The fact that the "complete" administrative record filed with this Court continues to omit documents referred to and relied upon in other record documents is entirely unaddressed by both Defendant and MPG.  Indeed, neither Defendant nor Defendant-Intervenor discuss any of the specific documents identified by AHSTEC.[13]

---

[13]    This Court has explained that "{a}n agency enjoys a presumption of regularity as to the record it prepares."  <u>Novolipetsk Steel Pub. Joint Stock Co. v. United States</u>, 503 F. Supp.

Both Defendant and MPG argue that ORR's claim to have reviewed the "entire administrative record upon which the initial October 13 Determination was made by TRLED" is entitled to a presumption of a regularity.  See Def. Br. at 19 (quoting Administrative Review Determination at 7-8); MPG Br. at 23 (same).  Defendant notes that "{i}n the absence of clear evidence to the contrary," a public officer is presumed to "have properly discharged their official duties."  Def. Br. at 19 (quoting Borusan Mannesmann Pipe U.S. Inc. v. United States, Slip. Op. 2020-90, 2020 Ct. Intl. Trade LEXIS 95, at *4 (June 25, 2020)).  Nevertheless, all parties recognize that the presumption of regularity is rebuttable.  See Frontier Ins. Co. v. United States, 25 C.I.T. 717, 727, 155 F. Supp. 2d 779, 789 (2001).

When a presumption is questioned, the evidence on the record of the proceeding must be evaluated to determine whether it is sufficient to overcome the presumption.  See Ad Hoc

---

3d 1329, 1337-1338 (Ct. Int'l Trade 2021) (citing Fund for Animals v. Williams, 245 F. Supp. 2d 49, 55-57 (D.D.C. 2003); Pacific Shores Subd. v. U.S. Army Corps of Eng., 448 F. Supp. 2d 1, 5 (D.D.C. 2006) ("Pacific Shores"); and Giorgio Foods, Inc. v. United States, 35 C.I.T. 297, 299-301, 755 F. Supp. 2d 1342, 1345-1346 (2011)).  But "a court may order completion or supplementation of the record in light of clear evidence that the record was not properly designated or the identification of reasonable grounds that documents considered by the agency were not included in the record."  Id. (citing Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 419 (1971) and Pacific Shores, 448 F. Supp. 2d at 5-7).  See also JSW Steel, Inc. v. United States, 466 F. Supp. 3d 1320, 1328-1329 (Ct. Int'l Trade 2020).  Here, as explained in AHSTEC's opening brief, no presumption of regularity should attach to CBP's preparation of an administrative record because at least some of the documents considered by the TRLED have still not been included in the administrative record submitted to the Court.  See Invenergy Renewables LLC v. United States, 476 F. Supp. 3d 1323, 1356 (Ct. Int'l Trade 2020).  While no party has submitted a motion requesting that the court order completion or supplementation of the record, the continuing absence of documents from the administrative record demonstrates that "there are legitimate concerns regarding Defendant's certification of the index to the administrative record" (Novolipetsk Steel Pub. Joint Stock Co. v. United States, 503 F. Supp. 3d at 1338) and that the presumption of regularity regarding ORR's review of the administrative record has been rebutted by the facts of this proceeding.

Shrimp Trade Action Comm. v. United States, 35 C.I.T. 1110, 1115-1116, 791 F. Supp. 2d 1327,

1332-1333 (2011).  In this proceeding, there is clear evidence that the presumption of regularity

with regard to ORR's claim to have reviewed the entire administrative record has been rebutted

because: (1) CBP has been unable to compile and submit a complete administrative record;

(2) although TRLED would have had to transmit the administrative record to ORR to effectuate

the latter's review of the entirety of the administrative record, CBP's initial compilation of an

administrative record for this Court omitted thousands of pages of record material; (3) there is no

evidence on the record, such as a record index, regarding what was transmitted by TRLED to

ORR; and (4) despite claiming that there was "insufficient documentary evidence on the record"

regarding MPG's conceded transshipment of Indian shrimp to the United States, the only record

document that was before the TRLED relied upon by ORR was a single document, MPG's

"Supplemental RFI Response" (AHSTEC Br. at 37-38).  Moreover, in other EAPA appeals,

unlike here, CBP has been forthcoming regarding failures to maintain and transmit complete

administrative records from TRLED to ORR, with the Government requesting voluntary

remands because ORR's "consideration of the entirety of the record evidence is essential to

ensure the accuracy and completeness of its final administrative determination."  Def.'s Mot. for

Voluntary Remand and to Suspend the Current Briefing Schedule at 3, Leco Supply, Inc. v.

United States, Ct. No. 21-136, July 30, 2021, ECF No. 39 and Def.'s Mot. for Voluntary Remand

and to Suspend the Current Briefing Schedule at 3-4, Norca Industrial Co., LLC v. United States,

Consol. Ct. No. 21-192, Sept. 28, 2021, ECF No. 23.

     As a general matter, AHSTEC believes that a presumption of regularity is appropriately

extended to administrative agency officials.  In the circumstances of this case, however, there is

clear evidence that ORR could not have reviewed the entire administrative record in making its

determination.  While ORR has definitively stated that it did, in fact, review the entire administrative record, the system for administering EAPA proceedings operated by CBP at the time of the underlying investigation is such that the agency had adopted no safeguards to ensure that a complete administrative record was transmitted to ORR by TRLED, despite the "essential" nature of consideration of the entirety of the record.  In order to demonstrate that the initial administrative record filed with the Court was incomplete, AHSTEC compared documents in its possession against those against the record index and discovered substantial discrepancies.  In contrast, there is nothing on the record indicating that ORR would have the ability to discern whether the entirety of the administrative record had been transmitted to it, nor is there any evidence of any checks that ORR made to ensure that the record it had been provided was complete.  Although both Defendant and MPG argue that the Court should accept ORR's claim to have reviewed the entirety of the administrative record, the circumstances of this case establish that such a presumption is inappropriate.  Rather, the clear evidence on the record establishing that ORR failed to review the entire administrative record renders its determination arbitrary, capricious, and an abuse of discretion.

## CONCLUSION

MPG imports Indian-origin shrimp into Vietnam.  MPG has historically commingled Indian-origin shrimp with domestically-sourced shrimp for its sales.  Indeed, MPG concedes that during the investigation period a shipment of commingled Indian-origin and Vietnamese-origin shrimp was exported to the United States.  Nevertheless, MPG is unable to track shrimp imported from India to its final sale and could not demonstrate to the TRLED that it had the capability to do so.  TRLED appropriately used adverse facts available to address MPG's failure to fully cooperate and made an affirmative determination of evasion.

ORR made a conflicting finding.  ORR's determination was arbitrary and capricious because it failed to review the entire administrative record and, as such, arbitrarily ignored evidence that detracted from its conclusions.  For all of the reasons discussed both here and in AHSTEC's opening brief, the Court should hold that ORR's reversal of TRLED's affirmative determination of evasion was arbitrary, capricious, and an abuse of discretion.

Respectfully submitted,

/s/ Nathaniel Maandig Rickard

Nathaniel Maandig Rickard
Zachary J. Walker

**PICARD KENTZ & ROWE LLP**
1750 K Street, N.W.
Suite 800
Washington, D.C. 20006

*Counsel to the Ad Hoc Shrimp Trade Enforcement Committee*

January 10, 2022

- 22 -

**CERTIFICATE OF COMPLIANCE**
**AD HOC SHRIMP TRADE ENFORCEMENT COMMITTEE v. UNITED STATES**
**COURT NO. 21-00129**

I, <u>Nathaniel Maandig Rickard</u>, hereby certify that the foregoing submission (Reply of Plaintiff in Support of Rule 56.2 Motion for Judgment on the Agency Record) complies with the 7,000 word limit for reply briefs.  I further certify that this submission contains 6,998 words inclusive of headings, footnotes, and quotations (but exclusive of table of authorities and counsel's signature block). This word count was calculated using Microsoft Word's word count feature.

/s/ Nathaniel Maandig Rickard
Nathaniel Maandig Rickard

**PICARD KENTZ & ROWE LLP**
*Counsel to the Ad Hoc Shrimp Trade*
*Enforcement Committee*

January 10, 2022