UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AD HOC SHRIMP TRADE ENFORCEMENT COMMITTEE, ) ) ) | |
| Plaintiff, ) | |
| v. ) ) | Before: The Honorable Claire R. Kelly, Judge |
| UNITED STATES, ) ) | |
| Defendant, ) ) | Court No. 21-00129 |
| and ) ) | |
| MINH PHU SEAFOOD JOINT STOCK COMPANY and MSEAFOOD CORPORATION, ) ) ) ) | |
| Defendant-Intervenors. ) ) | |

**PROPOSED ORDER**

Upon consideration of Defendant-Intervenors' Motion for Supplemental Briefing, Plaintiff's response thereto, and all other papers and proceedings had herein, it is hereby

**ORDERED** that the Motion for Supplemental Briefing filed by Defendant-Intervenors is denied.

**SO ORDERED.**

_____
Claire R. Kelly, Judge

Dated: _____
   New York, New York

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| AD HOC SHRIMP TRADE ENFORCEMENT COMMITTEE, ) ) ) ) Plaintiff, ) ) v. ) ) UNITED STATES, ) ) Defendant, ) ) and ) ) MINH PHU SEAFOOD JOINT ) STOCK COMPANY and ) MSEAFOOD CORPORATION, ) ) Defendant-Intervenors. ) ) | Before: The Honorable Claire R. Kelly, Judge<br><br>Court No. 21-00129 |

**PLAINTIFF AD HOC SHRIMP TRADE ENFORCEMENT COMMITTEE'S RESPONSE TO DEFENDANT-INTERVENORS' MOTION FOR SUPPLEMENTAL BRIEFING**

> Nathaniel Maandig Rickard
> Zachary J. Walker
>
> **PICARD KENTZ & ROWE LLP**
> 1750 K Street N.W.
> Suite 800
> Washington, D.C. 20006
> (202) 331-4040
>
> *On behalf of the Ad Hoc Shrimp Trade Enforcement Committee*

May 13, 2022

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................................... ii

INTRODUCTION .......................................................................................................................... 1

LEGAL STANDARD .................................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I.   MINH PHU HAS FAILED TO ARTICULATE ANY JUSTIFICATION FOR MODIFYING THE BRIEFING SCHEDULE TO REQUIRE ADDITIONAL BRIEFING ........................................................................................................................... 2

II.   MINH PHU'S EFFORTS TO REVISIT THE ARGUMENTS PRESENTED IN ITS RESPONSE BRIEF SHOULD BE REJECTED ........................................................... 3

III.   AHSTEC DOES NOT SEEK ADDITIONAL BRIEFING .......................................... 7

IV.   MINH PHU'S REQUEST FOR AN EXPEDITED REMAND SHOULD BE REJECTED ................................................................................................................. 10

CONCLUSION ............................................................................................................................ 12

# TABLE OF AUTHORITIES

## Cases

American Silicon Technologies v. United States,
    334 F.3d 1033 (Fed. Cir. 2003) ….……………………………………….……………… 11

Bethlehem Steel Corp. v. United States,
    25 C.I.T. 307, 140 F. Supp. 2d 1354 (2001) ……………………………….…………… 10

Changzhou Wujin Fine Chemical Factory Co., Ltd. v. United States,
    701 F.3d 1367 (Fed. Cir. 2012) ………………………………………………………… 11

Godaco Seafood Joint Stock Co. v. United States,
    435 F. Supp. 3d 1342 (Ct. Int'l Tr. 2020) …………………………………………….... 9

Jacobi Carbons AB v. United States,
    222 F. Supp. 3d 1159 (Ct. Int'l Tr. 2017) ….....………………………………………… 9

Rienzi and Son, Inc. v. United States,
    180 F. Supp. 3d 1349 (Ct. Int'l Tr. 2016) ...………..…………………………………….. 2

## U.S. Court of International Trade Rules

USCIT R. 1 ….…..……………….……..……………………………………………………. 8

USCIT R. 6(b)(1) ……………….……..…………………………………………………....... 2

USCIT R. 16(b)(4) ...……………….……..………………………………………………....... 2

USCIT R. 56.2(d) ………………………..……………………………………………….….... 1

# INTRODUCTION

Plaintiff Ad Hoc Shrimp Trade Enforcement Committee ("AHSTEC"), an association of domestic producers of warmwater shrimp, hereby submits its response to the motion for supplemental briefing filed by Defendant-Intervenors Minh Phu Seafood Joint Stock Company and MSeafood Corporation (collectively, the "Defendant-Intervenors" or "Minh Phu").  See Def.-Intervenors' Mot. for Supplemental Briefing, Apr. 22, 2022, ECF Nos. 53, 54 ("Def.-Intervenors' Mot.").[1]  AHSTEC opposes Defendant-Intervenors' motion for supplemental briefing and respectfully requests that the motion be denied for the reasons detailed below.

# LEGAL STANDARD

In their post-hearing brief in support of the motion for supplemental briefing, Defendant-Intervenors do not discuss the legal standard by which their motion for supplemental briefing should be evaluated.  In its motion for supplemental briefing, Defendant-Intervenors request that the Court establish a "post-hearing briefing schedule to give parties and the Court the opportunity to present and hear all related arguments."  See Def.-Intervenors' Mot. at ¶3.  The U.S. Court of International Trade's rules explain that, outside of the papers and briefs specified in the scheduling order, "{n}o other papers or briefs are allowed, except by leave of court."  USCIT R. 56.2(d).

Defendant-Intervenors' motion for supplemental briefing does not characterize its accompanying "post-hearing brief" as supporting the motion but instead describes the brief as addressing the substantive issues covered by this appeal: "Minh Phu's arguments on this issue

---

[1]   Defendant-Intervenors filed both Confidential and Public Versions of their "post-hearing brief" with their motion for supplemental briefing.  See Post-Hearing Brief of Defendant-Intervenors Minh Phu Seafood Joint Stock Company and MSeafood Corporation, Apr. 22, 2022, ECF Nos. 53-1, 54-1 ("Def.-Intervenors' Post Hearing Brief").  This response cites only to the Public Version of Defendant-Intervenors' brief, i.e. ECF No. 54-1.

1

{(i.e., the transmission of the administrative record to U.S. Customs and Border Protection's ("CBP") Office of Regulations and Rulings ("ORR"))} can be found in the brief filed concurrently with this motion." See Def.-Intervenors' Mot. at ¶3. Accordingly, Defendant-Intervenors appear to be requesting an amendment to the scheduling order to permit additional briefing on issues previously raised by AHSTEC. If so, this Court has explained that "USCIT Rule 16(b)(4), in conjunction with USCIT Rule 6(b)(1), permits a schedule to be modified for good cause with the court's consent." Rienzi and Son, Inc. v. United States, 180 F. Supp. 3d 1349 (Ct. Int'l Tr. 2016) see also USCIT R. 16(b)(4) ("Modifying a Schedule. A schedule may be modified only for good cause and with the judge's consent.").

## ARGUMENT

**I. MINH PHU HAS FAILED TO ARTICULATE ANY JUSTIFICATION FOR MODIFYING THE BRIEFING SCHEDULE TO REQUIRE ADDITIONAL BRIEFING**

In their motion for supplemental briefing, Defendant-Intervenors request that the Court "set a post-hearing briefing schedule to give parties and the Court the opportunity to present and hear all related arguments." Def.-Intervenors' Mot. at ¶3. In the proposed order accompanying their motion, Minh Phu asks the Court to order Plaintiff to file a "supplemental brief on or before May 9, 2022" and Defendant and Defendant-Intervenors to submit "their reply briefs on or before May 27, 2022." Def.-Intervenors' Proposed Order, Apr. 22, 2022, ECF Nos. 53, 54 ("Def.-Intervenors' Proposed Order"). Nevertheless, despite stating that it is filing "this brief in support of its motion for supplemental briefing," the Defendant-Intervenors' brief does not, in fact, actually request that additional briefing be permitted nor does it include any justification or argument in favor of a supplemental briefing schedule. See Def.-Intervenors' Post-Hearing Brief at 1-12. Rather, Defendant-Intervenors argue that:

> . . . MPG believes it is not necessary for the Court to remand ORR's decision. Instead, we request that the Court review the determination of {the Trade Remedy Law Enforcement Directorate ("TRLED")} and ORR with respect to the information before each and consider the substantive issues before it. In such case, we believe the ORR determination is supported by substantial evidence and is not arbitrary or capricious. If the Court disagrees, we request that the Court remand this narrow issue to ORR on an expedited basis with the instruction to review the non-transmitted documents and inform the Court as to whether they affect its reversal of TRLED's determination.

Id. at 2. Concluding its brief, Defendant-Intervenors "respectfully request that the Court review the decisions of TRLED and ORR with respect to the information before each and consider the substantive issues raised before the Court. In the alternative, we request that the Court remand this narrow issue to ORR on an expedited basis with the instruction to review the non-transmitted documents and inform the Court as to whether they affect its reversal of TRLED's determination." Id. at 12. There is, in short, nothing in Minh Phu's post-hearing brief discussing or otherwise identifying why the Court should exercise discretion to allow for additional briefing under any standard, let alone one requiring good cause to be shown.

Because Defendant-Intervenors have failed to provide any justification for their request, the Court should deny Minh Phu's motion for supplemental briefing.

## II. MINH PHU'S EFFORTS TO REVISIT THE ARGUMENTS PRESENTED IN ITS RESPONSE BRIEF SHOULD BE REJECTED

To the extent that any justification is given for seeking additional briefing, Defendant-Intervenors appear to argue that Defendant's concession at oral argument that ORR did not review the full administrative record was a surprise to the other parties in this appeal, including Plaintiff. Specifically, Minh Phu's motion asserts that:

> Neither Minh Phu nor Plaintiff Ad Hoc Shrimp Trade Enforcement and Committee ("Plaintiff" or "AHSTEC") were previously aware that portions of the administrative record before the Trade Remedy {} Law Enforcement Directorate ("TRLED") of U.S. Customs and Border Protection ("CBP") were not transmitted to CBP's Office of Regulations and Rulings ("ORR"). Defendant the United States revealed for the first time at oral argument that the record considered by

3

> ORR was limited to the record filed with the Court on May 17, 2021, ECF No. 20. As a result, the parties to this case have not had the opportunity to fully brief related issues.

Def.-Intervenors' Mot. at ¶2.  Contrary to Defendant-Intervenors' contention, AHSTEC was not previously unaware that ORR had conducted an administrative review without reviewing the entire administrative record.  AHSTEC specifically alleged that ORR had not reviewed the entire administrative record while conducting the administrative review, resulting in Defendant eventually confirming the accuracy of this allegation.  Notably, Minh Phu does not repeat this characterization of what AHSTEC was previously aware of in its post-hearing brief.  Instead, in the post-hearing brief, Defendant-Intervenors limit their characterization of events to their own reaction to oral argument:

> For the first time at oral argument, the Government notified the Court and the parties that the full record before TRLED was not transmitted to ORR for its review.  Minh Phu was understandably surprised by this admission as it had assumed throughout the course of this proceeding that ORR had received the entire record from TRLED.

Def.-Intervenors' Post-Hearing Brief at 1.

Minh Phu's "surprise" does not constitute a legitimate basis for requiring additional briefing in this case.  Defendant-Intervenors had the opportunity to present all of the arguments they now seek to place before this Court in their original response brief.  Instead, Minh Phu adopted a different litigation strategy.  Having made that strategic decision, there is no valid reason to allow Minh Phu a second bite at the apple through modifying the briefing schedule to grant a 139-day extension for Defendant-Intervenors' response brief so that it might now address arguments they initially chose to ignore.

Prior to the oral argument, AHSTEC presented evidence that portions of the administrative record before the TRLED had not been transmitted to ORR and that ORR had not reviewed the entirety of the administrative record in its administrative review.  Indeed, the fact

4

that ORR had not reviewed the entirety of the administrative record was explicitly and specifically discussed in AHSTEC's opening brief to this Court:

> The circumstances of the case do not support ORR's claim to have reviewed "the entire administrative record." In particular, the docket of this litigation makes clear that CBP has been unable to compile a complete administrative record for the Court for the purposes of this appeal. See Defendant's Consent Motion to Correct the Administrative Record Indices and Extend Subsequent Deadline, June 15, 2021, ECF No. 27, at 2 ("Defendant acknowledges that the documents plaintiff identified were inadvertently omitted from the indices of the administrative record filed with the Court, and that certain of the documents are voluminous."). There is no indication within the administrative record as to what was transmitted to ORR for the purposes of its administrative review or what, from the record, was available to ORR. Nevertheless, from the submissions by Defendant to the Court, it appears that there was no formal accounting of the contents of the administrative record and no comprehensive list compiled for ORR's administrative record (or for any possible appeal to this Court following the conclusion of the administrative proceedings). Notably, there is no indication within the administrative record that ORR requested or otherwise sought confirmation that "the entire administrative record" had been made available to it. Further, while ORR provided a detailed summary of the arguments presented by Minh Phu in its request for administrative review and by AHSTEC in its response to this request, the *only other record document* relied upon by ORR in its determination was Minh Phu's "Supplemental RFI Response." See id. at 9-10 footnotes 19, 20, and 23 (citing pages 8-10, 13-18, and Exhibits 34 and 36). Beyond a passing reference to the fact that the allegation was filed (see id. at 2), ORR omits reference, let alone discussion, of any of the other voluminous submissions made by Minh Phu, MSeafood, and AHSTEC. Thus, notwithstanding the presumption of regularity that attaches to ORR, the claim that the agency action was "{b}ased upon our *de novo* review of the administrative record in this case" is inaccurate.

AHSTEC Memo. in Support of R. 56.2 Mot. for J. on the Agency R., Aug. 30, 2021, at 37-38 (emphasis in original), ECF Nos. 33, 34 ("AHSTEC's R. 56.2 Br."). Minh Phu could have responded to any of AHSTEC's observations by arguing, as the company attempts to do now, that it is immaterial as to whether ORR reviewed the entirety of the administrative record. But this was not what Minh Phu did. Instead, Defendant-Intervenors dismissed AHSTEC's argument out of hand, referring to it as "borderline irresponsible": "There is no evidence that ORR failed to review the record or that it mischaracterized the evidence on the record. In its brief, AHSTEC

5

merely supposes that ORR did not review the entire record.  This allegation is borderline irresponsible." Def.-Intervenors' Resp. Br. in Opp'n to Pl.'s Mot. for J. on the Agency R., Dec. 6, 2021, at 20, ECF Nos. 42, 43.  Defendant-Intervenors continued their criticism of the record basis for AHSTEC's argument later in its response brief, stating: "In this case, there is simply no evidence, other than AHSTEC's say-so, that ORR failed to review the entire record." Id. at 23.

Like AHSTEC, Defendant-Intervenors were aware of the many indications on this record that a complete administrative record had not been before ORR, but Minh Phu elected to ignore that evidence, instead responding with *non sequitur*s:

> AHSTEC alleges that "the docket of this litigation makes clear that CBP has been unable to compile a complete administrative record for the Court for the purposes of this appeal" and that this undermines ORR's claim to have reviewed the entire record. ECF No. 33 at 37.  However, this allegation is completely unfounded.  It is correct that AHSTEC identified certain documents that were initially inadvertently omitted from the administrative record filed with the Court on May 17, 2021.  On June 15, 2021 Defendant United States acknowledged this inadvertent omission and requested additional time to correct the filed administrative record indices and confirm that all documents were now properly added.  The revised administrative record indices were filed on June 30, 2021.  In the two months between the filing of the revised administrative record indices and the filing of its brief, AHSTEC could have notified the court if it truly believed that "CBP has been unable to compile a complete administrative record for the Court," but it did not do so.

Id. at 23-24.  Having dismissed the possibility that ORR lacked the entire administrative record when it conducted the administrative review – "there is simply no evidence on the record to suggest that ORR did not have access to or did not review the entire administrative record" (id. at 25) – Defendant-Intervenors' response brief did not address the legal ramifications of a failure by ORR to review the entire administrative record, as Minh Phu now attempts to do in its post-hearing brief.  Instead, Minh Phu devoted the bulk of the argument section of its brief to rehashing its contention that the TRLED improperly made adverse inferences against Defendant-Intervenors in its affirmative evasion determination.  See id. at 27-37.

6

A review of Minh Phu's post-hearing brief makes clear that Defendant-Intervenors are simply attempting to now append arguments to their response brief that should have been included in that brief when it was initially filed last year. Specifically, in its post-hearing brief, Minh Phu states: "The narrow issue presented is whether the failure of ORR to review isolated non-material record documents precludes upholding that determination as supported by substantial evidence where all documents material to ORR's review of TRLED's determination were before ORR and reviewed." Def.-Intervenors' Post-Hearing Brief at 2. Other than the claim at being surprised by Defendant's concession at oral argument, Defendant-Intervenors do not explain why this "narrow issue presented" was not squarely before it following AHSTEC's submission of an opening brief that specifically and explicitly alleged that ORR had not reviewed the entirety of the administrative record in conducting the administrative review. Accordingly, Defendant-Intervenors have failed to identify any reasonable basis for the modification of the briefing schedule to allow for the amendment and supplementation of their response brief.

### III. AHSTEC DOES NOT SEEK ADDITIONAL BRIEFING

Defendant-Intervenors' motion for supplemental briefing requests that the Court establish a post-hearing briefing schedule "to give parties and the Court the opportunity to present and hear all related arguments" regarding ORR's failure to review the entire administrative record while conducting the administrative review. Def.-Intervenors' Mot. at ¶3. The proposed order submitted by Minh Phu would have the Court establish a post-hearing briefing schedule requiring AHSTEC to submit an opening supplemental brief, with Defendant and Defendant-Intervenors then permitted to file a reply brief. See Def.-Intervenors' Proposed Order. However, AHSTEC has already presented its arguments regarding the legal consequences of ORR's failure to review the entirety of the administrative record in the conduct of the administrative review.

7

See AHSTEC's R. 56.2 Br. at 35-40 and AHSTEC Reply in Support of R. 56.2 Mot. for J. on the Agency R., Jan. 10, 2022, at 12-21, ECF No. 44.  AHSTEC's position – that ORR's failure to review the entirety of the administrative record means that its reversal of TRLED's affirmative determination of evasion was arbitrary, capricious, and an abuse of discretion – has not changed.  It is therefore unclear as to what arguments AHSTEC would present in another opening supplemental brief that would not be merely duplicative of the arguments previously submitted to the Court.  Duplicative and unnecessary briefing would frustrate "the just, speedy, and inexpensive determination" of this action.  USCIT R. 1.  Accordingly, AHSTEC has not requested the opportunity to present additional briefing.  Furthermore, in the absence of a supplemental opening brief from Plaintiff, it is also unclear what Defendant and Defendant-Intervenors could submit in reply.

      Although styled as a motion for supplemental briefing, the content of Defendant-Intervenors' post-hearing brief seems to be a substantive supplemental brief in and of itself.  If Minh Phu's intent is to have the Court establish a schedule for AHSTEC to respond to the substantive content of Defendant-Intervenors' post-hearing brief, then the motion submitted by Minh Phu would seem to be a motion for leave to file a post-hearing brief – something that Defendant-Intervenors do not appear to have requested.  Moreover, even if Minh Phu's motion could be fairly read as a motion for leave to file a post-hearing brief with a request that the Court require Plaintiff to respond to its arguments, the views expressed by Defendant-Intervenors in their post-hearing brief make a series of characterizations regarding the Defendant's actions that have no basis in the record of the administrative proceeding, the record of this court proceeding, or Defendant's own statements.  For example, while acknowledging that the administrative record before ORR was incomplete, Minh Phu posits that:

> ORR recognized that TRLED's determination is based entirely on the application of AFA with respect to Question 11 of the June 11 Supplemental RFI response. ORR therefore examined that Supplemental RFI response as well as other documents material to the application of AFA to determine whether MPG's Question 11 response justified the application of AFA. CR Doc. 219 at 9. As the request for review focused on the application of adverse inferences with respect to the Supplemental RFI response, ORR did not have cause to look beyond information material to that specific RFI response to consider the request for review.

Def.-Intervenors' Post-Hearing Brief at 7. But this speculation is not rooted in any statement or representation made by Defendant. See Godaco Seafood Joint Stock Co. v. United States, 435 F. Supp. 3d 1342, 1355 (Ct. Int'l Tr. 2020) ("Defendant-Intervenors attempt to provide some analysis in their brief, but this ex post facto speculation is not a permissible explanation that assists the court with understanding how Commerce arrived at its conclusion."). Even if Defendant were to concur with Minh Phu's characterizations, an explanation of what ORR, in fact, reviewed in the course of the administrative review has not been provided by the agency. See Jacobi Carbons AB v. United States, 222 F. Supp. 3d 1159, 1179 (Ct. Int'l Tr. 2017) ("Thus, reasoning that is offered post hoc, in briefing to the court or during oral argument, is not properly part of this court's review of the agency's determination when such reasoning is not discernable from the record itself.").

Furthermore, although the agency has not definitively identified what portions of the administrative record were reviewed by ORR in the administrative review, Minh Phu includes extensive argument in its post-hearing brief asserting that any record material that was not reviewed by ORR is immaterial and that ORR, in fact, considered all "material" record evidence. See Def.-Intervenors' Post-Hearing Brief at 7-10. But the Court cannot uphold an agency determination on reasoning that was not provided by the agency based on Defendant-Intervenors' contention that such reasoning can be imputed into the agency's action. See Bethlehem Steel Corp. v. United States, 25 C.I.T. 307, 317, 140 F. Supp. 2d 1354, 1364-1365

9

(2001). Thus, even if leave was granted for Defendant-Intervenors to file their post-hearing brief and AHSTEC was required to file a response, Plaintiff would be addressing speculation regarding Defendant's position on the matters raised by Minh Phu. In these circumstances, it would seem to be far more appropriate to remand ORR's determination back to the agency, providing the agency with the opportunity to further explain or modify its actions.

## IV. MINH PHU'S REQUEST FOR AN EXPEDITED REMAND SHOULD BE REJECTED

While seemingly outside the scope of a motion for supplemental briefing, Defendant-Intervenors' motion requests that if supplemental briefing is not ordered, "the Court remand this case to CBP with the specific instruction that ORR expeditiously review the entire record before TRLED and indicate to the Court what changes, if any, it would make to its determination." Def.-Intervenors' Mot. at ¶4. Although this request is not reflected in the proposed order submitted with Defendant-Intervenors' motion, Minh Phu's post-hearing brief expands upon its request to limit the ability of CBP to reconsider the agency's action in response to any remand order as follows:

> This request for a narrow remand would allow ORR to decide whether it would change its determination in light of the missing documents. We request that should the Court grant an expedited remand, it instruct ORR to review the missing documents and, within 30 days of the Court's remand order, issue a remand determination detailing whether and to what extent the newly available documents affect its determination. Should the Court grant this request in the alternative, we also respectfully request that the parties be permitted to propose a new briefing schedule within ten (10) days of the filing of the remand determination, if additional briefing is required. Because this request in the alternative is for an expedited remand, the parties will not be unduly prejudiced by such a remand.

Def.-Intervenors' Post-Hearing Brief at 11.

With regard to antidumping and countervailing duty proceedings before the U.S. Department of Commerce, the U.S. Court of Appeals for the Federal Circuit has explained that the court "generally disfavor{s} limited remands that restrict Commerce's ability to collect and

10

fully analyze data on a contested issue." Changzhou Wujin Fine Chemical Factory Co., Ltd. v. United States, 701 F.3d 1367, 1374 (Fed. Cir. 2012) (citing American Silicon Technologies v. United States, 334 F.3d 1033, 1038-1039 (Fed. Cir. 2003)).  Here, with regard to an agency action taken by CBP in an antidumping duty-related administrative proceeding, Defendant-Intervenors have not explained why it would be appropriate, on the facts of this administrative record, to limit the agency's ability to fully analyze the record evidence on a contested issue.  If a remand is ordered, no justification has been provided for limiting the agency's discretion as to how to address such a remand.  Indeed, to the extent that Defendant-Intervenors' characterizations in their post-hearing brief of the agency's actions are accurate, there would be nothing preventing Defendant from presenting this reasoning as its own on whatever timeframe the agency deems appropriate.

Defendant-Intervenors' request for a "narrow" remand would also appear to preclude any ability for the parties to participate in the remand process through the submission of comments to the agency.  See Def.-Intervenors' Post-Hearing Brief at 11.  Instead, Minh Phu proposes that CBP issue a remand redetermination within thirty days of any remand order, with the parties proposing a new briefing schedule before the Court within ten days following the filing of the remand redetermination.  See id.  Defendant-Intervenors do not provide any justification for preventing parties from submitting comments to the agency or otherwise participating in the remand process.  Any benefit of restricting the ability of parties to participate in the remand process is not self-evident and would seem to waste judicial resources by requiring that issues that might be worked out through an administrative process be reserved for presentation to the Court.

11

For these reasons, the Court should reject Minh Phu's request, in the alternative, to issue a "narrow" remand order.

## CONCLUSION

For the reasons discussed above, AHSTEC opposes both Defendant-Intervenors' motion for supplemental briefing and Minh Phu's request, in the alternative, that the Court issue an order for a "narrow" remand. Because Defendant-Intervenors have failed to identify any justification for their requests and appear, instead, to be seeking an opportunity to submit a revised and extended response brief, the Court should deny Minh Phu's motion.

Respectfully submitted,

/s/ Nathaniel Maandig Rickard

Nathaniel Maandig Rickard
Zachary J. Walker

**PICARD KENTZ & ROWE LLP**
1750 K Street, N.W.
Suite 800
Washington, D.C. 20006

*Counsel to the Ad Hoc Shrimp Trade Enforcement Committee*

May 13, 2022

**CERTIFICATE OF COMPLIANCE**
**AD HOC SHRIMP TRADE ENFORCEMENT COMMITTEE v. UNITED STATES**
**COURT NO. 21-00129**

I, Nathaniel Maandig Rickard, hereby certify that the foregoing submission (Response in Opposition to Defendant-Intervenors' Motion for Supplemental Briefing) complies with the 14,000-word limit for responsive briefs. I further certify that this submission contains 3,824 words inclusive of headings, footnotes, and quotations (but exclusive of table of authorities and counsel's signature block). This word count was calculated using Microsoft Word's word count feature.

/s/ Nathaniel Maandig Rickard
Nathaniel Maandig Rickard

**PICARD KENTZ & ROWE LLP**
*Counsel to the Ad Hoc Shrimp Trade Enforcement Committee*