Slip Op. 22-53

## UNITED STATES COURT OF INTERNATIONAL TRADE

<table>
<tr><td>

**AD HOC SHRIMP TRADE
ENFORCEMENT COMMITTEE,**

    **Plaintiff,**

    **v.**

**UNITED STATES,**

    **Defendant,**

    **and**

**MINH PHU SEAFOOD JOINT STOCK
COMPANY and MSEAFOOD
CORPORATION,**

    **Defendant-Intervenors.**

</td><td>

**Before: Claire R. Kelly, Judge**

**Court No. 21-00129**

</td></tr>
</table>

## <u>OPINION AND ORDER</u>

[Remanding U.S. Customs and Border Protection's determination of non-evasion of antidumping duties, denying defendant-intervenors' motion for supplemental briefing, and issuing a protective order to apply to the remand proceedings.]

Dated: May 23, 2022

<u>Nathaniel Maandig Rickard</u>, Picard, Kentz & Rowe, LLP, of Washington, D.C., argued for plaintiff.  Also on the briefs was <u>Zachary J. Walker</u>.

<u>Kara M. Westercamp</u>, Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., argued for defendant.  Also on the brief were <u>Brian M. Boynton</u>, Acting Assistant Attorney General, and <u>Patricia M. McCarthy</u>, Director.  Of counsel on the brief was <u>Jennifer L. Petelle</u>, Attorney, Office of the Chief Counsel, Enforcement and Compliance, U.S. Customs and Border Protection.

<u>Donald B. Cameron</u>, <u>Mary S. Hodgins</u>, and <u>Jordan L. Fleischer</u>, Morris, Manning & Martin, LLP, of Washington, D.C., argued for defendant-intervenors.  Also on the brief were <u>Julie C. Mendoza</u>, <u>R. Will Planert</u>, <u>Brady W. Mills</u>, <u>Eugene Degnan</u>, <u>Edward J. Thomas III</u>, and <u>Nicholas C. Duffey</u>.  Also on the brief was <u>William H. Barringer</u>, IDVN Lawyers (Viet Nam), of Washington, D.C.

Kelly, Judge:  Before the court is plaintiff Ad Hoc Shrimp Trade Enforcement Committee's ("AHSTEC") motion for judgment on the agency record brought pursuant to Rule 56.2 of the U.S. Court of International Trade and Defendant-Intervenors MSeafood Corporation's ("MSeafood US") and Minh Phu Seafood Joint Stock Company's ("Minh Phu Vietnam") (MSeafood US and Minh Phu Vietnam are referred to collectively as "Minh Phu Group") Motion for Supplemental Briefing.  <u>See</u> Rule 56.2 Mot. for J. on Agency R., Aug. 30, 2021, ECF No. 34 ("Pl. Mot."); <u>see also</u> [AHSTEC's] Non-Confidential Memo. in Supp. of Rule 56.2 Mot. for J. on Agency R., Aug. 30, 2021, ECF No. 34 ("Pl. Br."); Mot. for Supp. Briefing, Apr. 22, 2022, ECF No. 54.  AHSTEC challenges the administrative determination made by the U.S. Customs and Border Protection ("CBP") Office of Trade ("OT") Office of Regulations and Rulings ("ORR") in an administrative proceeding conducted pursuant to the Enforce and Protect Act of 2015, 19 U.S.C. § 1517 ("EAPA"), reversing the CBP OT Trade Remedy & Law Enforcement Directorate's ("TRLED") determination that MSeafood US evaded antidumping duties ("ADD") by transshipping Indian frozen warmwater shrimp through the Socialist Republic of Vietnam ("Vietnam").[1]  <u>See</u> Pl. Br. at 2–4;

---

[1] AHSTEC also challenges certain procedural determinations made by TRLED related to public summarization of allegedly confidential documents which could not be reviewed until this point.  Pl. Br. at 3–4; <u>see also</u> 19 U.S.C. § 1517(g)(1).

see also Enforce and Protect Act ("EAPA") Case Number 7356; 19 U.S.C. § 1517; Minh

Phu Group, PD 233, CD 219 (Feb. 11, 2021) ("ORR Decision"); Notice of

Determination as to Evasion, PD 220–221, CD 217 (Oct. 13, 2020) ("TRLED

Decision") (the ORR Decision and the TRLED Decision are referred to collectively as

the "CBP Decisions").[2]  AHSTEC asserts (i) ORR's determination that MSeafood US

did not evade the U.S. Department of Commerce's ("Commerce") antidumping order

on frozen warmwater shrimp from India by transshipping Indian shrimp through

Vietnam is unsupported by substantial evidence on the record; (ii) the ORR Decision

is based on an incomplete review of the administrative record; and (iii) TRLED did

not comply with CBP's regulations which require public summarization of

confidential documents submitted to CBP during the course of an EAPA evasion

proceeding.  Pl. Br. at 31–40; see also Reply of Pl. in Supp. of [Pl. Mot.], 4–21, Jan.

10, 2022, ECF No. 44.  Defendant United States and Minh Phu Group oppose Pl. Mot.

on the grounds that the record supports ORR's determinations, and ORR and TRLED

adequately performed their obligations in accordance with law and CBP's

regulations.  Def.'s Resp. in Opp'n to [Pl. Mot.], 18–28, Dec. 3, 2021, ECF No. 41 ("Def.

Br.");  Resp. Br. of [Minh Phu Group] in Opp'n to [Pl. Mot.], 23–42, Dec. 6, 2021, ECF

---

[2] On May 17, 2021, and June 30, 2021, Defendant filed indices and supplemental indices, respectively, to the public and confidential administrative records underlying Commerce's final determination.  See ECF Nos. 20, 21-1, 29-1, and 30-1.  Citations to administrative record documents in this opinion are to the numbers CBP assigned to such documents in the indices, and all references to such documents are preceded by "PD" or "CD" to denote public or confidential documents.

No. 43 ("MPG Br.").[3]  Oral argument was held on April 5, 2022.  See ECF No. 52 ("Oral

Arg.").  Following oral argument, Minh Phu Group filed a motion for supplemental

briefing, claiming it only became aware of deficiencies in the record transmitted from

TRLED to ORR at oral argument.  Mot. for Supp. Briefing at 1.  Alternatively, Minh

Phu Group seeks a limited remand to correct the record deficiencies.  Id. at 2.

AHSTEC opposes the motion for supplemental briefing on the grounds that it

explicitly argued that ORR did not review the entire record and Minh Phu Group

chose not to address the legal ramifications of ORR's incomplete review.  [AHSTEC's]

Resp. to Def.-Intrvnrs.' Mot. for Supp. Briefing, 4–5, May 13, 2022, ECF No. 55 ("Pl.

Opp. to Mot. for Supp. Br.").

For the following reasons, the court remands the CBP Decisions, denies Minh

Phu Group's motion for supplemental briefing, and issues a protective order to apply

to the remand proceedings.

## BACKGROUND

On February 1, 2005, Commerce imposed ADD orders on certain frozen

warmwater shrimp from India and Vietnam.  Certain Frozen Warmwater Shrimp

from India, 70 Fed. Reg. 5,147 (Dep't Commerce Feb. 1, 2005) (Notice of Amended

Final Determination of Sales at Less Than Fair Value and [ADD] Order) ("India

Order"); Certain Frozen Warmwater Shrimp from [Vietnam], 70 Fed. Reg. 5,152

---

[3] Any confidential information in Pl. Br., Def. Br., or MPG Br. referenced in this opinion may be found at the corresponding page of the confidential versions of Pl. Br., Def. Br., or MPG Br., ECF Nos. 34, 40, and 50, respectively.

(Dep't Commerce Feb. 1, 2005) (Notice of Amended Final Determination of Sales at Less Than Fair Value and [ADD] Order) ("Vietnam Order").  Minh Phu Vietnam was a mandatory respondent in Commerce's ADD investigation into frozen warmwater shrimp from Vietnam.  See Vietnam Order, 70 Fed. Reg. at 5,153–55.  However, on July 22, 2016, Commerce revoked the Vietnam Order with respect to Minh Phu Vietnam and its affiliates.  Certain Frozen Warmwater Shrimp from [Vietnam], 81 Fed Reg. 47,756 (Dep't Commerce July 22, 2016) (Notice of Implementation of Determination Under Section 129 of the Uruguay Round Agreements Act and Partial Revocation of the [ADD] Order) (the "Revocation Order").  The Revocation Order only permits Minh Phu Group to enter certain frozen warmwater shrimp without ADDs to the extent that such shrimp is "produced and exported by the Minh Phu Group."[4] Id. at 47,757–58.  Furthermore, the Revocation Order requires Minh Phu Group to certify that the shrimp it imports into the United States is produced and exported by Minh Phu Group and its affiliates and thus no longer subject to the Vietnam Order. Id. at 47,758.

　　　　To comply with the Revocation Order, Minh Phu Group instituted what it describes as "a comprehensive tracing system for all of the [s]hrimp it exports to the

---

[4] "Minh Phu Group," as used in the Revocation Order, refers to 15 entities that appear to be affiliated with Defendant-Intervenors, but are not parties to this action.  See Revocation Order, 81 Fed. Reg. at 47,756 n.9.  However, the parties agree the Revocation Order applies to Defendant-Intervenors even though they are not mentioned.  See Pl. Br. at 4–5; Def. Br. at 3; MPG Br. at 2–3.

United States to ensure that it is all Vietnam-origin."[5]  MPG Br. at 3.  Additionally,

Minh Phu Group provides "traceability documents" to the U.S. National Oceanic and

Atmospheric Administration's ("NOAA") Seafood Import Monitoring Program

("SIMP"), pursuant to which Minh Phu Group must trace all shrimp imported into

the United States from farm to each export shipment that enters the United States.

Id.; EAPA Case No. 7356: Minh Phu Request for Info. to Manufacturer Questionnaire

Resp., 30, PD 246, CD 330 (March 23, 2020) ("Minh Phu Vietnam RFI Resp."); EAPA

Case No. 7356: MSeafood Request for Info. to Importer Questionnaire Resp., 9, PD

244, CD 229 (March 19, 2020) ("MSeafood US RFI Resp.").  NOAA's National Marine

Fisheries Service Office of International Affairs and Seafood Inspection performed

audits of Minh Phu Group's SIMP tracing paperwork related to certain entries of

frozen warmwater shrimp from Vietnam and determined that Minh Phu Group

sufficiently traced the shrimp it imported into the United States to Vietnamese

farms.[6]  MSeafood US RFI Resp. at 9 and Ex. 3.

Nevertheless, on July 17, 2019, AHSTEC alleged to CBP pursuant to

19 C.F.R. § 165.11 that Minh Phu Group was evading the India Order by importing

into the United States commingled Indian-origin and Vietnam-origin shrimp.

---

[5] The Vietnam Order continues to apply to certain frozen warmwater shrimp from
Vietnam that are not produced and exported by Minh Phu Group; however, as
discussed infra, AHSTEC's evasion allegation only applies to alleged evasion of the
India Order.  See Revocation Order, 81 Fed Reg. at 47,758.

[6] NOAA found certain discrepancies between the filings with CBP and the tracing
paperwork; however, those discrepancies do not implicate country-of-origin.
MSeafood US RFI Resp. at 9 and Ex. 3.

AHSTEC – EAPA Allegation Final (02) (7356), PD 2 (July 17, 2019).  On August 30, 2019, September 30, 2019, and October 8, 2019, AHSTEC filed supplemental allegations with TRLED in support of AHSTEC's original evasion allegation.  See AHSTEC – EAPA Allegation Supplemental Submission – (7356), PD 4 (Aug. 30, 2019); AHSTEC – EAPA Allegation Second Supplemental Submission – (7356), PD 7, CD 2–3 (Sept. 30, 2019); AHSTEC – EAPA Allegation Third Supplemental Submission – (7356), PD 8 (Oct. 8, 2019).  On March 4, 2020, AHSTEC filed additional information from Commerce's administrative review of the India Order.  AHSTEC – Submission of NFI, PD 238–41 (March 4, 2020).

CBP acknowledged receipt of AHSTEC's EAPA complaint on September 18, 2019.  TRLED – Official Receipt Email, PD 5 (Sept. 18, 2019).  On October 9, 2019, TRLED initially determined that AHSTEC submitted sufficient factual material to reasonably suggest that Minh Phu Group evaded the India Order, and therefore TRLED initiated an investigation pursuant to 19 U.S.C. § 1517(b)(1) and 19 C.F.R. § 165.15.  Initiation of Investigation for EAPA Case Number 7356 – MSeafood Corporation, 4–5, PD 10 (Oct. 9, 2019).  On January 5, 2020, TRLED commenced a formal investigation into MSeafood US and imposed interim measures against Minh Phu Group's imports into the United States, including subjecting such imports to duties and cash deposits pursuant to the India Order.  Notice of Initiation of

Investigation and Interim Measures – EAPA Case 7356, 1, 7–8, PD 12*, CD 6 (Jan. 5, 2020) ("Imposition of Interim Measures").[7]

On January 31, 2020, Minh Phu Group filed a voluntary response to AHSTEC's allegation, which Minh Phu Group claimed it had originally filed on September 13, 2019. Re-Filing of September 13, 2019 Submission: EAPA Case No. 7356, PD 13, CD 7 (Jan. 31, 2020) ("MPG Voluntary Resp."). In its voluntary submission, Minh Phu Group denied AHSTEC's allegations and offered evidence in support of its contention that it did not transship Indian shrimp through Vietnam to evade the India Order. See MPG Voluntary Resp. at Attach. 2. AHSTEC responded to the MPG Voluntary Resp. on February 28, 2020, asserting that Minh Phu Group's designation of information as business confidential was overly broad and Minh Phu Group had not properly summarized material that it had designated as business confidential. See generally AHSTEC – Alleger Comments – (7356), PD 16 (Feb. 28, 2020) ("AHSTEC Resp. to MPG Voluntary Submission").

TRLED sent Minh Phu Vietnam and MSeafood US each a request for information ("RFI") on February 25, 2020. [RFI] from Manufacturer/Supplier concerning [EAPA] investigation on whether MSeafood [US] has evaded the [India Order], with entries of merchandise into the United States, PD 14, CD 8 (Feb. 25, 2020); [RFI] to Importer concerning the [EAPA] investigation of whether MSeafood

---

[7] TRLED filed the public version of the Imposition of Interim Measures on January 14, 2020. See Imposition of Interim Measures, PD 12*.

[US] has evaded the [India Order] with entries of merchandise into the United States, PD 15, CD 9 (Feb. 25, 2020).  MSeafood US and Minh Phu Vietnam responded to TRLED's RFIs on March 19, 2020, and March 23, 2020, respectively.  MSeafood US RFI Resp.; Minh Phu Vietnam RFI Resp.  AHSTEC submitted its response to Minh Phu Group's filings on March 25, 2020, and March 31, 2020, again complaining that Minh Phu Group did not comply with CBP's regulations regarding treatment of confidential information and public summarization.  AHSTEC – Comments on Minh Phu's March 19 Claims for BC Treatment and NFI Combined – (7356), PD 18 (March 25, 2020) ("AHSTEC March 25th Resp."); EAPA Case No. 7356 – Comments of AHSTEC on Minh Phu [Vietnam] March 23rd Resp. to CBP, PD 19 (March 31, 2020) ("AHSTEC March 31st Resp.").  On May 1, 2020, Minh Phu Group voluntarily submitted additional factual information.  EAPA Case No. 7356: Voluntary Submission of Supplemental Info., PD 38, CD 26 (May 1, 2020) ("MPG May 1st Voluntary Submission"); see also MPG May 1st Voluntary Submission, Exhibits, PD 21–37, 39–63, CD 10–25, 27–60 (May 1, 2020).  AHSTEC filed a rebuttal to Minh Phu Group's additional factual information on May 7, 2020, again arguing that Minh Phu Group did not comply with the requirements of 19 C.F.R. § 165.4(a).  EAPA Case No. 7356 – Comments of AHSTEC on Minh Phu [Vietnam] May 1 Submission to CBP, PD 64 (May 7, 2020) ("AHSTEC May 7th Rebuttal").  On June 3, 2020, June 11, 2020, and June 12, 2020, Minh Phu Group filed supplemental responses to TRLED's requests

for information.[8]   EAPA Case No. 7356: MSeafood [US] Resp. to Supplemental Importer [RFI], PD 66, CD 62 (June 13, 2020) ("MSeafood US Supplemental RFI Resp."); EAPA Case No. 7356: Minh Phu [Vietnam] Resp. to Supplemental Importer [RFI], PD 217, CD   213 (June 11, 2020) ("Minh Phu Vietnam Supplemental RFI Resp.").[9]

On September 14, 2020, Minh Phu Group submitted its written argument to TRLED, and AHSTEC filed its rebuttal written argument on September 28, 2020. EAPA Case No. 7356: Minh Phu Written Argument, PD 218, CD 214 (Sept. 14, 2020); EAPA Case No. 7356: [AHSTEC's] Resp. to Written Arguments, PD 219 (Sept. 28, 2020) ("AHSTEC Written Arg.").  AHSTEC continued to argue that Minh Phu Group did not comply with CBP's regulations.  AHSTEC Written Arg. at 4–7.  On October 13, 2020, TRLED issued the TRLED Decision, in which it imposed an adverse inference against MSeafood US for failing to produce reports tracking all shipments of shrimp Minh Phu Group imported into Vietnam from the bill of lading through a specific export sale, and thus determined that MSeafood US entered Indian shrimp

---

[8] On May 20, 2020, TRLED issued supplemental requests for information to Minh Phu Group; however, those requests are not part of the administrative record filed with the court.  See TRLED – Supp. RFI Ext. Resp., PD 67 (June 9, 2020) (in granting Minh Phu Group's request for an extension of time to file responses, TRLED refers to its May 20, 2020, supplemental requests for information).

[9] MSeafood US filed the public version of Minh Phu Vietnam Supplemental RFI Resp. on June 12, 2020.  The confidential version of the Minh Phu Vietnam Supplemental RFI Resp. erroneously uses the same title as the MSeafood US Supplemental RFI Resp., but that is corrected in the public version to reflect Minh Phu Vietnam's response to the supplemental manufacturer/supplier RFI, rather than MSeafood US' response to the supplemental importer RFI.

into the United States by means of evasion without paying ADDs pursuant to the India Order. TRLED Decision at 9–10. Minh Phu Group submitted a timely request to ORR to conduct a de novo administrative review of the TRLED Decision on November 10, 2020. EAPA Case No. 7356: Minh Phu Request for Admin. Review, PD 227, CD 218 (Nov. 10, 2020). AHSTEC filed its response to Minh Phu Group's request for administrative review on November 25, 2020. HQ Case Number H314879: [AHSTEC's] Resp. to Request for Admin. Review (EAPA Case No. 7356), PD 230 (Nov. 25, 2020) ("AHSTEC ORR Resp."). On February 11, 2021, ORR issued the ORR Decision, in which it found that Minh Phu Group had adequately complied with TRLED's requests for information such that TRLED erred in imposing an adverse inference against MSeafood US. ORR Decision at 8–10. ORR thus concluded that there was not sufficient information on the record to find that Minh Phu Group entered Indian shrimp into the United States by means of evasion. Id. at 10. AHSTEC now challenges the CBP Decisions.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to section 517 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1517(g),[10] and 28 U.S.C. § 1581(c), which grant the court jurisdiction over actions contesting determinations of non-evasion pursuant to EAPA. The court shall determine "(A) whether [CBP] fully complied with all procedures

---

[10] Further citations to the Tariff Act of 1930 will be to the relevant sections of the U.S. Code, 2018 edition.

under [19 U.S.C. §§ 1517(c) and (f)]; and (B) whether any determination, finding, or conclusion is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 19 U.S.C. § 1517(g)(2)(A)–(B). CBP's determination of whether an importer evaded ADDs must be supported by substantial evidence on the record. Id. § 1517(c)(1)(A).

## DISCUSSION

AHSTEC challenges three aspects of the CBP Decisions: (1) ORR's substantive determination of non-evasion; (2) ORR's purported failure to review the entire administrative record in support of the ORR Decision; and (3) TRLED's alleged failure to follow CBP's regulations requiring public summary of confidential documents or explanations of why such summary is impossible. Pl. Br. at 31–40. At oral argument, Defendant conceded that ORR did not review the entire administrative record in reaching the ORR Decision. Oral Arg., 4:53–6:33. Therefore, remand is required. Additionally, it is unclear how TRLED enforced compliance with the requirements to provide public summaries or explanations of why such summaries could not be provided. Defendant fails to clarify the standard CBP must meet in administering its regulations relating to public summarization of allegedly confidential information, and further fails to explain how TRLED met that standard in light of seemingly inconsistent treatment of information that is in certain places alleged to be not suitable for public summarization and in others apparently publicly summarized. The court thus also remands TRLED's determinations regarding public

summarization of confidential information for further explanation.   Given CBP's procedural shortcomings in making the <u>CBP Decisions</u>, the court does not reach AHSTEC's substantive arguments.

## I.   Review of the Entire Administrative Record

Defendant argued in its brief that ORR had and reviewed the entire administrative record developed by TRLED; however, at argument, Defendant abandoned that position and conceded that TRLED failed to transmit the entire record to ORR.  Def. Br. at 19–20; Oral Arg. at 4:53–6:33.  Although Defendant and Minh Phu Group each attempted to downplay the materiality of the documents missing from the record that TRLED transmitted to ORR, even a cursory review of the list of documents demonstrates that ORR could not possibly have complied with its obligation to conduct a <u>de novo</u> review of the entire administrative record.  The court remands the <u>ORR Decision</u> to CBP for consideration of the entire administrative record.

 "It has long been established that government officials must follow their own regulations, even if they were not compelled to have them at all, and certainly if directed to promulgate them by Congress." <u>Voge v. United States</u>, 844 F.2d 776, 779 (Fed. Cir. 1988) (citing <u>Service v. Dulles</u>, 354 U.S. 363, 388 (1957)).  EAPA was enacted as Section 421 of the Trade Facilitation and Trade Enforcement Act of 2015, Pub. L. 114–125 (2016) ("TFTEA"), which amended the Tariff Act of 1930 to include the EAPA provisions set forth in 19 U.S.C. § 1517, and to amend 28 U.S.C. § 1581(c)

to include in this court's jurisdiction actions challenging a determination made pursuant to EAPA.  See TFTEA § 421(a)–(b).  Section 421(d) of TFTEA directed the Secretary of Homeland Security to "prescribe such regulations as may be necessary to implement the amendments made by this section."  TFTEA § 421(d).  The Department of Homeland Security, CBP's parent organization, issued such regulations, which are codified at Chapter I, Part 165 of Title 19 of the Code of Federal Regulations.  See 19 C.F.R. §§ 165.0 et seq.; see also Investigation of Claims of Evasion of Antidumping and Countervailing Duties, 81 Fed. Reg. 56,477 (Dep't Homeland Security [CBP]; Dep't Treasury Aug. 22, 2016).  Under EAPA, when an importer or an interested party requests ORR to conduct an administrative review of a determination by TRLED as to evasion, ORR must conduct such a review de novo. 19 U.S.C. § 1517(f)(1).  CBP's regulations specify that a de novo review under 19 U.S.C. § 1517(f)(1) requires ORR to "review the entire administrative record upon which the initial determination was made," inter alia.  19 C.F.R. § 165.45.

Here, having included a requirement for ORR to review "the entire administrative record" in the regulations that Congress directed CBP to promulgate, ORR was not permitted to make the ORR Decision based on a review of only part of the administrative record.  Voge, 844 F.2d at 779.  Moreover, the portion of the administrative record that ORR did not review is significant.  In addition to correspondence between the parties, requests for extensions, and responses to such requests, TRLED failed to transmit Minh Phu Vietnam's and MSeafood US' entire

responses to TRLED's initial RFIs.  <u>See</u> Supplemental Index of Administrative Record, June 30, 2021, ECF No. 30-1 (pertaining to CD 220–330).  The public and confidential versions of these documents amount to approximately 17,000 pages, the vast majority of which is comprised of Minh Phu Group's business records, which Minh Phu Group contends demonstrate that it did not evade the <u>India Order</u> by importing India-origin shrimp into the United States via transshipment through Vietnam.  <u>See</u> <u>MSeafood US RFI Resp.</u>; <u>Minh Phu Vietnam RFI Resp.</u>  Regardless of whether Minh Phu Group re-submitted some of that material in response to subsequent requests for information, as Minh Phu Group contended at argument, Minh Phu Group failed to submit evidence that ORR possessed all of the missing documents in its administrative review.  <u>See</u> Oral Arg. at 11:31–12:36, 1:17:34–1:17:55.  Moreover, the missing documents are repeatedly cited in the <u>TRLED Decision</u> and are therefore material.  <u>See</u> <u>TRLED Decision</u> at 2, 4 n.31, 5 n.38, 6 n.47, 8 n.60, 9 n.62.  Unsurprisingly, ORR does not cite the missing documents in the <u>ORR Decision</u>.  <u>See generally</u> <u>ORR Decision</u>.  ORR could not have properly reviewed the <u>TRLED Decision</u>, or the record upon which the <u>TRLED Decision</u> was based, without reviewing the missing documents.  Because the <u>ORR Decision</u> was made following a procedure contrary to that prescribed in CBP's own regulations and was based on a review of an incomplete record missing thousands of pages of documents, the <u>ORR Decision</u> must be remanded.

Minh Phu Group argues that prior to oral argument neither it nor AHSTEC were aware that ORR did not review the entire record and asks the court to order further briefing on the issue.  Mot. for Supp. Briefing at 1–2.  AHSTEC responds that it was aware that ORR did not review the entire record and in fact argued as much in its opening brief.  Pl. Opp. to Mot. for Supp. Br. at 4 – 5 (citing, inter alia, Pl. Br. at 37–38).[11]  Nonetheless, accepting Minh Phu Group's statement that it only learned at oral argument that ORR could not have possibly reviewed the entire record, the salient point is that ORR could not possibly have reviewed the entire record.

In its proposed supplemental brief, Minh Phu Group argues that the missing information was immaterial.  Post-Hearing Br. of [Minh Phu Group], 8–10, Apr. 22, 2022, ECF No. 53-1.  However, as discussed above, the missing documents are repeatedly cited in the TRLED Decision and contain Minh Phu Group's confidential business records that Minh Phu Group relied on in support of its substantive arguments against a finding of evasion, and thus the missing documents are material.[12]  Moreover, ORR must conduct a de novo review of the entire record.  19 U.S.C. § 1517(f)(1); 19 C.F.R. § 165.45.  Because ORR did not review the entire record,

---

[11] The court also issued written questions to the parties prior to oral argument which asked Defendant how it could be certain ORR had reviewed the entire record.  Ltr. Filed by the Hon. Claire R. Kelly Concerning Oral Arg. Questions, 4–5, Mar. 21, 2022, ECF No. 51.

[12] Even at this point in the litigation, it is not clear that the court has the entire record.  See FN 8, supra.  Rather than assessing the materiality of missing documents post hoc, the agency should simply review entire record and then transmit the entire record to the court.

remand is required, and as discussed below, because CBP's explanations of how its treatment of confidential information and the public summaries of such information complied with CBP's regulations were inadequate, a limited remand would not suffice. Therefore, Minh Phu Group's Motion for Supplemental Briefing is denied.

## II.    Public Summarization

AHSTEC also challenges TRLED's treatment of Minh Phu Group's confidential information and compliance with CBP's regulations requiring adequate public summarization of confidential documents or explanation of why such summarization is not possible. Pl. Br. at 31–35; see also 19 C.F.R. § 165.4(a). Although Defendant attempts to frame this as a constitutional due process issue, see Def. Br. at 25, there is no need for the court to analyze what if any constitutional right AHSTEC has in participating in an EAPA proceeding or whether any such right was violated. CBP's regulations require CBP to treat only certain information as confidential and to ensure any such confidential information is accompanied by a public version that adequately summarizes the confidential information or else an explanation of why such summary is not possible. 19 C.F.R. § 165.4(a). Because CBP fails to adequately explain why it accepted Minh Phu Group's assertions regarding confidential information or how CBP evaluated the sufficiency of public summarization or explanation of the inability of Minh Phu Group to publicly summarize the purportedly confidential documents, the court remands the CBP Decisions for further explanation or reconsideration.

Pursuant to the Administrative Procedure Act, agencies engage in rule making and adjudication.  See 5 U.S.C. §§ 553–54.  "[A]djudication means agency process for the formulation of an order."  Id. § 551(7) (internal quotation marks omitted).  "[O]rder means the whole or part of a final disposition, whether affirmative, negative, injunctive, or declaratory in form, of an agency in a matter other than rule making but including licensing."  Id. § 551(6) (internal quotation marks omitted).  Although informal agency adjudications are not subject to notice and comment procedures or a hearing that the Administrative Procedure Act imposes on agency rulemaking or formal adjudication, respectively, see Neustar, Inc. v. Fed. Comms. Comm'n, 857 F.3d 886, 893 (D.C. Cir. 2017), informal adjudications under EAPA may not be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  19 U.S.C. § 1517(g)(2)(B).  Moreover, a court must evaluate the legality of agency action based on the agency's explanation at the time it acted.  Board of Trustees of Leland Stanford Junior Univ. v. Chinese Univ. of Hong Kong, 860 F.3d 1367, 1376 (Fed. Cir. 2017) (citing Securities and Exchange Comm'n v. Chenery Corp., 332 U.S. 194, 196 (1947) ("[A] reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency.  If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis")).  A court will uphold an agency action when the explanation is of less-than-ideal clarity; however, the

explanation must come from the agency, not counsel's <u>post hoc</u> rationalization of agency action.  <u>Ultratec, Inc. v. CaptionCall, LLC</u>, 872 F.3d 1267, 1274 (Fed. Cir. 2017).

EAPA provides that the court "shall examine—(A) whether [CBP] fully complied with all procedures under subsections (c) and (f)." 19 U.S.C. § 1517(g)(2)(A). Subsection (c)(2) permits CBP to collect information from interested parties.  <u>Id.</u> § 1517(c)(2).  CBP's regulations provide further specifications regarding the procedures set forth in 19 U.S.C. §§ 1517(c), (f).  Specifically, CBP's regulations permit parties to an EAPA proceeding to request confidential treatment for certain "business confidential information" they file with CBP.  19 C.F.R. § 165.4(a).  Only "trade secrets and confidential or financial information obtained from any person, which is privileged or confidential" is business confidential information for the purposes of EAPA proceedings.  <u>Id.</u>  To obtain confidential treatment for its information, a party must request CBP treat the information as confidential by bracketing any such information and explaining why the party believes the information to be confidential.  <u>Id.</u> § 165.4(a)(1).  A party requesting confidential treatment of its information must also submit a public version of the document.  <u>Id.</u> § 165.4(a)(2).  The public version of the document must include "a summary of the bracketed information in sufficient detail to permit a reasonable understanding of the substance of the information" or else "a full explanation of the reasons supporting" a claim that the bracketed information cannot be publicly summarized.  <u>Id.</u>  "CBP

will reject a submission that includes a request for business confidential information that does not meet the requirements of [19 C.F.R. § 165.4(a)]." Id. § 165.4(b). As discussed, CBP is required to comply with its own regulations in administering EAPA. See Voge, 844 F.2d at 779.

Here, despite AHSTEC complaining in multiple submissions about the lack of public summarization and the inconsistent treatment of allegedly business confidential information, TRLED did not even mention the issue in the <u>TRLED Decision</u>, let alone explain how it complied with CBP's regulations. See generally TRLED Decision. AHSTEC repeatedly complained about inconsistent treatment of allegedly confidential information, claims that confidential information was not subject to public summarization when such information was summarized elsewhere in Minh Phu Group's submissions, and the terse, boilerplate explanations for why allegedly confidential information was not subject to public summarization. AHSTEC Resp. to MPG Voluntary Submission, 6–18; AHSTEC March 25th Resp., 4–12; AHSTEC March 31st Resp., 4–14; AHSTEC May 7th Rebuttal, 3–4; AHSTEC Written Arg., 4–7. Nowhere does TRLED or ORR address CBP's regulations governing public summarization, AHSTEC's specific complaints, or how CBP evaluated Minh Phu Group's treatment of purportedly confidential information, assertions that such information is not susceptible to public summarization, and

explanations in support of those assertions.[13]  The court cannot evaluate CBP's action

without any explanation of CBP's obligations with respect to allegedly confidential

information or the reasons for CBP's decisions in this investigation.  Therefore, the

court remands the CBP Decisions for reconsideration or further explanation

regarding confidential treatment and public summarization of allegedly confidential

information.

In opposition, Defendant argues that AHSTEC did not have a constitutional

right to access Minh Phu Group's business confidential information.  Def. Br. at 23–

28.  This argument not only mischaracterizes AHSTEC's claim but also ignores CBP's

obligation to comply with its own regulations that require adequate public

summarization or explanation of why such summarization is not possible.   At

argument, counsel argued that the public summarizations were adequate and that

CBP could not have required any further information apart from column headings on

certain Excel files.[14]  See Oral Arg. at 50:47–53:35.  However, counsel's post hoc

rationalization of agency action is insufficient where, as here, CBP fails to address

---

[13] AHSTEC also raised the issues surrounding Minh Phu Group's and CBP's treatment of allegedly business confidential information to ORR, but ORR did not address these issues.  See AHSTEC ORR Resp., 17–18 and n.64; ORR Decision.

[14] Defendant devoted one sentence in its brief to defending the public summarizations, arguing that AHSTEC's "robust comments . . . demonstrate[] that Minh Phu Group's public summaries provided 'information in sufficient detail to permit a reasonable understanding of the substance of that information.'"  Def. Br. at 27 (quoting 19 C.F.R. § 165.4(a)(2)).

how its action complies with applicable regulations, particularly when the substance of such <u>post hoc</u> rationalization is offered for the first time at argument.

## III.   Determination of Non-Evasion

Because the procedure underlying the <u>CBP Decisions</u> was conducted contrary to CBP's regulations and TRLED did not adequately explain how it determined the public summaries of confidential documents complied with CBP's regulations, the court declines to consider ORR's substantive findings.  On remand, CBP must make a determination as to evasion that is based on a review of the entire record and in compliance with CBP's procedural regulations.

## IV.   Continuation of Judicial Protective Order on Remand

EAPA does not provide for an administrative protective order ("APO") during administrative proceedings.  <u>See</u> 19 U.S.C. § 1517; 19 C.F.R. § 165.  Thus, there was no APO for the proceedings before CBP in this case, which is why the issue of adequate public summarization is before the court.  However, the parties to this action all have access to the confidential record, subject to the terms of the judicial protective order ("JPO") issued by the court.  <u>See</u> Order, May 14, 2021, ECF No. 19. At oral argument, AHSTEC suggested that if the court were to remand the <u>CBP</u> <u>Decisions</u>, it would essentially pretend that it did not have access to the confidential record and make arguments based on the information it had access to during the administrative proceeding.  Oral Arg. at 53:52–55:04.

Court No. 21-00129                                                    Page 23

Now that the parties have access to the confidential record, the court sees no reason for pretense.  The genie is out of the bottle and subject to the protections of a JPO.  Therefore, the court will order that the JPO, or some version of it, will extend to the administrative remand proceedings to allow parties to make arguments based on the entire record.[15]  See 28 U.S.C. § 2643(c)(1).  The parties shall meet and confer in order to submit any proposed revisions for the JPO in accordance with the court's order.

## CONCLUSION

For the foregoing reasons, it is

**ORDERED** Minh Phu Group's Motion for Supplemental Briefing is denied; and it is further

**ORDERED** that the CBP Decisions are remanded for further proceedings in accordance with this Opinion and Order; and it is further

**ORDERED** that CBP shall file its remand redetermination within 90 days of the date of this Opinion and Order; and it is further

**ORDERED** that the parties shall have 30 days thereafter to file comments on the remand redetermination; and it is further

---

[15] Although the court will enter a JPO and all parties will have access to the confidential record on remand, CBP must ensure that its regulations regarding treatment of information as confidential and public summarization are followed and explain how CBP's decisions regarding confidential information and public summarization comply with those regulations.

Court No. 21-00129                                                    Page 24

**ORDERED** that the parties shall have 30 days thereafter to file their replies to comments on the remand redetermination; and it is further

**ORDERED** that the parties shall have 14 days thereafter to file the Joint Appendix; and it is further

**ORDERED** that CBP shall file the administrative record within 14 days of the filing of its remand redetermination; and it is further

**ORDERED** that the parties shall meet and confer to propose a JPO to apply during the remand proceedings and submit such proposed JPO to the court within two weeks of the date of this Opinion and Order; and it is further

**ORDERED** that the court will schedule a conference regarding the proposed JPO if, upon review of the parties' proposal, the court deems such a conference to be necessary.

/s/ Claire R. Kelly
Claire R. Kelly, Judge

Dated:      May 23, 2022
            New York, New York